## STATE EX REL. KENNETH W. ADAMS v. RALPH H. TAHASH.

148 N. W. (2d) 562.

February 10, 1967—No. 40,039.

*J. A. Muirhead,* for appellant.

*Robert W. Mattson,* Attorney General, and *Gerard W. Snell,* Solicitor General, for respondent.

PER CURIAM.

This is an appeal from an order dismissing a writ of habeas corpus issued on a petition which seeks review of a conviction for bank robbery. Relator alleges that he was denied competent counsel at his trial and that he was mentally incapacitated between the time of arraignment and the time of sentencing. Having been persuaded by the public defender to plead guilty

---

on the assurance that the sentence would be reduced from life to 50 years, relator claims that neither the court nor counsel fully advised him of his right to a trial, the consequences of his plea, the sentence to be imposed, or his ultimate eligibility for parole.

The trial court accorded relator an evidentiary hearing. There he testified that his first interview with the public defender lasted only 5 minutes and was devoted to counsel's persuading him to change his plea to guilty. Before he was sentenced, according to relator, he had several interviews with a clergyman who stated that he had conferred with the public defender, that counsel felt the state had a sound case against him, and that consequently he should plead guilty. The clergyman took the stand on relator's behalf and confirmed the fact that relations between relator and the public defender were strained and that relator appeared to be bewildered by the presentence proceedings. He corroborated relator's claim that the public defender advised him to plead guilty if he was the person who robbed the bank.

The public defender testified that he had no recollection of the conversations with relator which had occurred 8 years previously. Relator makes much of the fact that at the original presentence hearing in January 1957 he expressed confusion over whether or not he was to be bound over to another court. However, he was promptly advised that sentence was about to be imposed by the judge then presiding, which relator acknowledged clarified the matter. Nor does it appear that relator was a stranger to criminal proceedings. He had previously been convicted of grand larceny and was released from the reformatory only 6 days before the bank robbery which is the subject of this appeal.

At the presentence interrogation in 1957, relator disclosed in minute detail all of the events which resulted in his conviction. He admitted that he had planned the robbery while still in the reformatory, had stolen a car, driven to North St. Paul, parked it for later use in the robbery, entered a bank with a loaded gun (which was accidentally discharged in the course of the hold-up), robbed the tellers at gunpoint, escaped in the stolen automobile, changed his clothes, transferred the stolen money from one bag to another, and was attempting to make a getaway in a taxicab when the police closed in on him. Thereupon he shot himself in the head, inflicting no serious wounds, however.

The trial court in the habeas corpus proceedings found there was no merit in relator's contention that he was deprived of adequate representation. As to his confusion at the presentence hearing, the court observed only that it apparently stemmed from a prolonged interrogation which had the appearance of a trial notwithstanding defendant had previously pleaded guilty.

Upon reviewing the record we hold that the trial court's findings are

supported by the evidence. Relator was represented by an experienced and competent public defender with whom relator admitted he "went over the entire matter" prior to changing his plea to guilty. It is not surprising that the public defender had no independent recollection of his interviews after 8 years had elapsed. Nevertheless, the trial court was not required to accept without qualification relator's belated version of his representation, particularly in the light of the verbatim transcript of the testimony he gave at the time of sentencing.

In recent years it has become the practice for trial judges to recite into the record their statements to the defendant before sentence regarding the state's burden of proof, defendant's right to counsel and a jury trial, his presumption of innocence, the maximum sentence he faces, and other matters relating to the trial and disposition of the charge. While that was not done here, the bald statement that he did not fully understand his rights and that they were not adequately disclosed to him by counsel does not compel a finding that relator was under a misapprehension as to the consequences of his plea. In the absence of substantial evidence to the contrary, the court could assume the public defender explained to relator all of his legal rights and the implications of his conviction. Nor is there merit in relator's claim that he was mentally incompetent when he was before the court for sentencing. On this record the court was justified in determining that he was entirely capable of understanding the nature and consequences of those proceedings. The order is therefore affirmed.

Affirmed.