## STATE v. ARTHUR J. LUND.

151 N. W. (2d) 769.

June 16, 1967—No. 39,932.

*H. C. Kroon,* for appellant.

*Douglas M. Head,* Attorney General, *Gerard W. Snell,* Acting Solicitor General, and *David C. Weinberg,* Special Assistant Attorney General, for respondent.

NELSON, JUSTICE.

On May 11, 1964, in Mankato, Minnesota, Arthur J. Lund, defendant, and one Marlow C. Ferguson wrote out a check for the payment of

$65 to said Ferguson and thereon forged the name of Betty Tollefson as the drawer. On the same date said Ferguson endorsed the check as payee, and defendant presented it to Kenneth Swanson at the Oleander Cafe and Tavern and he cashed it. Thereafter defendant was charged with having committed the crime of aggravated forgery. He appeared in municipal court in Mankato and waived a preliminary hearing and was bound over to district court. On August 17, 1964, an information was filed by the county attorney charging defendant with the aforesaid crime.

It appears that on September 8, 1964, an attorney, Mr. Thomas M. Champlin of Lake Crystal, called on defendant at the county jail, at which time they discussed the charges for over an hour. On September 10, 1964, Mr. Champlin was formally appointed by the trial court as attorney for defendant, and on the same date defendant was arraigned on the charge of aggravated forgery and pled guilty thereto. Defendant's plea of guilty was accepted by the court, and he was remanded to the custody of the sheriff pending a presentence investigation.

On November 10, 1964, defendant, together with his attorney, appeared before the district court for sentencing, and at the conclusion of the proceedings had at that time, defendant was adjudged guilty of aggravated forgery and committed to the State Prison for a term not to exceed 10 years.

This appeal presents the following issues: (1) Should the court consider matters not raised by the record—to wit, intoxication of the accused at the time of the commission of the offense charged? (2) Did defendant receive competent assistance of counsel? (3) Was defendant adequately informed of his constitutional rights as well as the nature and consequences of his voluntary plea of guilty?

■ Defendant asserts that he had been drinking intoxicating liquors and 3.2 beer immediately prior to taking part in issuing the forged check and cashing the same. He goes on to claim that the fact that he was drinking casts doubt on whether he could have formed the requisite intent for the crime of aggravated forgery. A reading of the transcript indicates clearly that there is nothing in the record which lends the least support to defendant's claim that he was intoxicated at the time the check was issued and cashed.

This court made it clear in State v. Soward, 262 Minn. 265, 266, 114 N. W. (2d) 276, 278, that an—

"* * * appellate court cannot consider matters which were not properly raised and acted upon below and which were not properly saved for review and made a part of the record."

A similar holding may be found in State v. Markuson, 261 Minn. 515, 113 N. W. (2d) 346.

■ Nowhere in defendant's brief does he state that he was in fact intoxicated. All that is said is that he had been drinking intoxicating liquors and 3.2 beer prior to presenting the forged check at the tavern. The mere fact of a person's drinking does not create a presumption of intoxication, and the possibility of intoxication does not create the presumption that a person is rendered incapable of intending to do a certain act. Defendant's entire argument on this issue is based upon mere supposition and possibility. It has never been held by this court that mere conjecture is grounds for overturning an otherwise valid and proper conviction, and this would especially be true where the conviction is based upon a person's fully informed, voluntary plea of guilty. Defendant does not appear to have raised the issue of possible intoxication with his court-appointed counsel or anyone else. Under the circumstances, the court would have no duty to establish defendant's state of mind without a question regarding intoxication being suggested or otherwise brought to the court's attention. The state, of course, maintains that there is no evidence offered on the part of defendant to support the foregoing conclusion of intoxication. Even if the defendant had been drinking on the day in question, of which there is no proof, that would not ipso facto render defendant intoxicated. If he were intoxicated on the day in question—and again there is no proof—such intoxication would not necessarily, by that fact itself, destroy defendant's ability to intend to do the act for which he is charged. Even Minn. St. 609.075, relating to intoxication as a defense, does not provide that the fact of intoxication is a complete defense to a criminal act of which intent is a necessary element. Nothing in the record corroborates defendant's statement about intoxication, and this court will not, under the circumstances of this

record, attempt to determine either the truth or the falsity of defendant's out-of-court assertion.

■ It has been held that before an indigent can assert that he was denied due process because of incompetency of his court-appointed counsel, the representation must be so incompetent as to render the proceedings before the court or on the trial a farce or a sham. In Rivera v. United States (9 Cir.) 318 F. (2d) 606, 608, it was said:

"* * * This court has repeatedly said that to be sufficient the allegations must disclose a performance by counsel so incompetent as to make the trial 'a farce or a mockery of justice.'"

The bare assertion that the attorney for the accused is not competent is not of juridical significance. State v. Waldron, 273 Minn. 57, 139 N. W. (2d) 785.

Defendant claims that his court-appointed counsel was incompetent because he did not investigate the effect of his now-claimed intoxication on specific intent. The record, however, as already noted, does not disclose that defendant informed his counsel of the fact that he had been drinking. Therefore, in the absence of a clear showing that counsel had been so informed, counsel cannot be found to have been so incompetent so as to render the proceedings before and at the time of sentencing and the voluntary plea of guilty a sham or a farce.

In State ex rel. Butler v. Swenson, 243 Minn. 24, 28, 66 N. W. (2d) 1, 4, this court stated that the right to counsel is satisfied "if counsel is appointed in sufficient time to assure an adequate preparation of the defense." In that case, counsel conferred with defendant on the day of appointment and had the following day to prepare for trial. This was held to be adequate time. In the instant case counsel was officially appointed on September 10, 1964, but had been asked to represent defendant on September 8, at which time he conferred with him privately at the jail for at least an hour. The next day he investigated the law and the facts and then conferred with defendant in private before the hearing on September 10, 1964. Under the holdings of this court, in cases heretofore cited, this has been held sufficient time to prepare for the appearance in behalf of a defendant, at least

where defendant himself decides to voluntarily enter a plea of guilty to the crime charged.

The record shows that the trial court went to great pains to determine that defendant knew the nature of the crime charged and the consequences of the plea of guilty before asking the defendant how he would plead. This is shown by the line of questioning directed toward establishing whether or not defendant in fact understood the nature of the crime with which he had been charged. Even though defendant had already answered in the affirmative that the entry of his plea was voluntary, the court persisted in probing defendant for a more definite statement as to whether he understood the nature of the crime.

Defendant's voluntary plea of guilty based upon his admitted understanding of the charges against him, coupled with his counsel's full and thorough explanation of the crime with which he was charged, the statute upon which such charge was based, and his conduct in relation thereto, constitute a more than valid basis upon which to predicate defendant's conviction in the case at bar. The record sustains the defendant's conviction of aggravated forgery.

Affirmed.