STATE EX REL. WILLIAM LESTER ONEY
v. RALPH H. TAHASH.

152 N. W. (2d) 526.

August 11, 1967—No. 40,566.

---

C. *Paul Jones,* State Public Defender, and *Ronald L. Haskvitz,* Assistant State Public Defender, for appellant.

*Douglas M. Head,* Attorney General, *Gerard W. Snell,* Acting Solicitor General, and *David C. Weinberg,* Special Assistant Attorney General, for respondent, warden of State Prison.

PETERSON, JUSTICE.

Relator was charged by information with felony theft for the intentional issuance of three false checks within a 6-month period, the aggregate value of which exceeded $100.[1] Upon his plea of guilty, he was convicted and sentenced to confinement in the State Penitentiary for an indeterminate term according to law.

Two grounds are asserted by relator in habeas corpus attack upon the judgment of conviction—(1) that his plea of guilty was improperly accepted by the trial court, particularly in view of his evasive and equivocal acknowledgment of the issuance of one of the three checks, without which check the aggregate value of $100, essential to conviction of a felony, would not exist,[2] and (2) that the court-appointed counsel for

---

[1] Minn. St. 609.52, subds. 2(3)(a) and 3(2, 4). The validity of this statute was sustained in State v. Mathiasen, 273 Minn. 372, 141 N. W. (2d) 805. See, also, State v. Harris, 277 Minn. 351, 152 N. W. (2d) 728.

[2] The checks were in the amounts of $38, $39, and $34 and were dated December 16, 1964, December 28, 1964, and December 28, 1964, respectively.

him as an indigent defendant rendered ineffective aid and representation. We hold that the attack upon either ground is without merit.

■ Relator, although represented gratuitously as an indigent, had as court-appointed counsel an able and experienced attorney whom he himself requested be appointed. Relator expressly acknowledged that he had conferred with his counsel, and there is independent evidence of his consultation with counsel in the course of repeated appearances before the court.[3] In the absence of substantial evidence to the contrary, moreover, the court could assume that his counsel explained his legal rights and the implications of his conviction.[4] Relator, it may be added, seemingly had sufficient prior exposure himself to understand the nature of the proceedings and the offense, for of his six or seven prior felony convictions in four states, all but one involved bad-check offenses.[5] Because we hold that the plea of guilty was voluntarily, knowingly, and intelligently made by the accused, there is no basis whatever for a finding of inadequate representation.

■ There is no reason to doubt that relator was fully aware of the nature of the felony charge against him and the implications of his plea of guilty. He waived preliminary hearing in Stillwater municipal court on January 14, 1965, with his counsel present, and pleaded guilty at arraignment on January 25, 1965, again with counsel present. He acknowledged, in response to the court's interrogation, that he had conferred with his counsel and understood the charge against him as contained in the copy of the information delivered to him. He expressly waived a trial by jury after explanation of his right to such trial and affirmed that he made his plea freely and voluntarily.

The real essence of relator's claim is that his plea of guilty should not have been accepted because, although there is little doubt that he passed *two* bad checks (constituting only a misdemeanor, because aggre-

---

[3] State ex rel. Crossley v. Tahash, 263 Minn. 299, 116 N. W. (2d) 666. Cf. State ex rel. Dehning v. Rigg, 251 Minn. 120, 86 N. W. (2d) 723; State ex rel. Grattan v. Tahash, 262 Minn. 18, 113 N. W. (2d) 342.

[4] State ex rel. Grest v. Tahash, 261 Minn. 282, 112 N. W. (2d) 54; State ex rel. Adams v. Tahash, 276 Minn. 545, 148 N. W. (2d) 562.

[5] One of his felony convictions was for armed robbery.

gating less than $100 in amount), there is serious doubt that he passed the third check (constituting a felony, because the aggregate would then be more than $100). The trial court repeatedly and specifically asked whether relator understood that he was being charged with respect to *three* false checks, to which he answered in the affirmative. True, relator did answer to more specific questions as to each check with the qualification, "as far as I can remember, yes," and, as to the third check, that he "could not remember cashing" it; and he added, without detail as to the time or other circumstances of the consumption of drugs and liquor, that he was "taking pills, dexidrene" and was "pretty drunk." When shown each of the three checks, however, relator readily acknowledged the handwriting on each check as recognizably his. More important still, relator admitted that he received the proceeds from all *three* of the checks at the places where he cashed them. The trial court could well have been impressed, moreover, with the fact that all the checks bore dates within a 2-week period and that two of the checks—including the particular check now challenged—bore the *same* date. On this record, therefore, there is no such uncertainty as to guilt as would constitutionally forbid the trial court from accepting relator's plea of guilty.[6]

No doubt of his culpability is cast by relator's vague reference to intoxication during the period he was passing bad checks. Voluntary intoxication, of course, is not a defense to crime, except that it could relevantly be considered in this case on the issue of intent.[7] The mere fact that relator states in general terms that he had been drinking or was taking drugs, however, creates no presumption of intoxication.[8] Where a general statement of intoxication is asserted in relation to only one of three checks passed in the same short period, it is an even more dubious ground for rejecting his plea of guilty. The trial court could well have concluded that relator's reference to intoxication was intended more to

---

[6] State ex rel. Crossley v. Tahash, 263 Minn. 299, 116 N. W. (2d) 666. Cf. State ex rel. Norgaard v. Tahash, 261 Minn. 106, 110 N. W. (2d) 867.

[7] Minn. St. 609.075; State ex rel. Hastings v. Bailey, 263 Minn. 261, 116 N. W. (2d) 548; State v. Mickens, 276 Minn. 343, 150 N. W. (2d) 30.

[8] State v. Lund, 277 Minn. 90, 151 N. W. (2d) 769.

mitigate the punishment than to exculpate him from the crime itself. On this record it would have been unpersuasive for either purpose.[9]

Sentencing was deferred until March 8, 1965, at which time relator again appeared with his counsel. Relator did not by any word protest his innocence or make statements inconsistent with his prior plea of guilty.[10] He and his wife addressed the court only to ask for a "break" in respect to the severity of the sentence and for reasons that cast no doubt on the commission of the crime itself. We conclude from the evidence of record in the trial court and the habeas court that the habeas court did not err in discharging the writ of habeas corpus.

Affirmed.

---

[9] Cf. State ex rel. Dehning v. Rigg, 251 Minn. 120, 86 N. W. (2d) 723.

[10] Cf. State v. Jones, 267 Minn. 421, 127 N. W. (2d) 153; State v. Olson, 270 Minn. 329, 133 N. W. (2d) 489; State v. Minton, 276 Minn. 213, 149 N. W. (2d) 384.