STATE EX REL. HARVEY L. TERRY v. RALPH H. TAHASH.

153 N. W. (2d) 227.

September 15, 1967—No. 40,508.

*C. Paul Jones,* State Public Defender, and *Robert E. Oliphant,* for appellant.

*Douglas M. Head,* Attorney General, *Gerard W. Snell,* Acting Solicitor General, and *David C. Weinberg,* Special Assistant Attorney General, for respondent, warden of State Prison.

PETERSON, JUSTICE.

Relator, Harvey L. Terry, is confined in the State Penitentiary pursuant to a conviction for the carnal knowledge and abuse of a female child under the age of 10 years.[1] He was indicted for the crime, involving his 9-year-old stepdaughter, by the grand jury of Hennepin County on April 30, 1963. On May 29, 1963, after trial was in progress, relator requested the court to withdraw his plea of not guilty and to substitute therefor a plea of guilty as charged. The request was granted after the court conducted an examination of relator and ordered presentence investigation. On July 1, 1963, judgment of conviction was entered pursuant to relator's plea of guilty, and he was sentenced to an indeterminate term not to exceed 10 years. Relator was represented by counsel at all stages of these proceedings.

Relator petitioned the District Court of Washington County for a writ of habeas corpus on April 14, 1966, on two grounds: (1) The trial court improperly accepted his plea of guilty due to his inability to relate to that court material facts regarding the commission of the crime, and (2) his appointed counsel was inadequate in three particulars: (a) Failing to object to relator's plea of guilty after hearing the uncertainty

---

[1] Minn. St. 617.02.

present in relator's answers, (b) failing to inform relator that intoxication would be an element in determining whether relator had the specific intent to commit the charged crime, and (c) inducing the plea of guilty by stating that a guilty plea would avoid embarrassment to the stepdaughter and that relator would be placed on probation after a mental examination at the St. Peter State Hospital.

The writ was found to be without merit and discharged after an evidentiary hearing was afforded relator. Prompt appeal to this court from the order discharging the writ was taken. We, likewise, hold that the appeal is without merit and affirm.

■ The record supports the habeas court ruling that no abuse of discretion was committed by the trial court in accepting relator's plea of guilty. Relator, in answer to the interrogation of the trial court, admitted having intercourse with the victimized child and stated that he was clear in his own mind that he was guilty. While he initially stated in the trial court that he had no recollection of the charged crime, he subsequently gave detailed answers to specific questions put to him about his actions on the evening in question. He was able to describe the floor plan of the dwelling where the crime was committed, the clothing worn by both him and his victim, and the words exchanged between them during this period. He gave other detailed testimony concerning his activities and companions before and after the crime. There is no basis, in light of the complete record, to support relator's present contention that he was unable to recall any material facts surrounding the commission of the crime.

■ Relator's claim of inadequate representation of counsel is, likewise, unsupported by the record, and we find no evidence to rebut the presumption [2] that the defense counsel adequately represented him. While the record fails to disclose that relator was informed that intoxication was an element in proving his specific intent to commit the charged offense, the record contains no evidence that relator's intoxica-

---

[2] See, State ex rel. Grest v. Tahash, 261 Minn. 282, 112 N. W. (2d) 54. See, also, State ex rel. Adams v. Tahash, 276 Minn. 545, 148 N. W. (2d) 562.

tion was at issue in the proceedings. In State v. Lund, 277 Minn. 90, 92, 151 N. W. (2d) 769, 771, this court stated:

"* * * The mere fact of a person's drinking does not create a presumption of intoxication, and the possibility of intoxication does not create the presumption that a person is rendered incapable of intending to do a certain act."

In the instant case relator testified in the trial court that he had been drinking prior to the offense, but it does not appear that he attempted to offer his drinking as an explanation of his actions. In view of his detailed testimony on his activities of that evening, we see no support for relator's claim that he was inadequately represented because of defense counsel's failure to defend on the basis of intoxication. Relator candidly admitted at the evidentiary hearing that he was not intoxicated at the time of the offense, and we find no basis for disturbing the habeas court's rejection of this contention.

The remaining contentions, that his plea of guilty was induced by a wish to avoid embarrassment to his stepdaughter and by counsel's promise of probation, were correctly disposed of by the habeas court's rulings. The contentions are unsupported in the record, and relator's trial testimony was contrary to both of these contentions in that he specifically stated his plea of guilty was not the product of promises made to him or to avoid embarrassment to the stepdaughter. Relator chose not to call his original defense counsel as a witness on his behalf at the evidentiary hearing although given an opportunity to do so. The habeas court could take this fact into consideration in weighing the credibility of relator's present contentions in relation to his earlier contrary testimony.

Affirmed.