## STATE v. VERNE L. WARREN.

153 N. W. (2d) 273.

September 22, 1967—No. 39,624.

*C. Paul Jones,* State Public Defender, and *Jonathan Lebedoff,* for appellant.

*Douglas M. Head,* Attorney General, *Gerard W. Snell,* Solicitor General, and *David C. Weinberg,* Assistant Attorney General, for respondent.

MURPHY, JUSTICE.

This case is before us on appeal from a judgment of conviction pursuant to a plea of guilty to the offense of third-degree burglary. Minn. St. 1961, § 621.10. It is alleged that the court erred in refusing to permit defendant to withdraw his plea of guilty and enter a plea of not guilty prior to sentence.

Defendant entered pleas of not guilty to informations charging him with grand larceny in the first degree (Minn. St. 1961, § 622.05) and burglary in the third degree. Both charges grew out of defendant's unlawful activities with others in entering an elevator company building in Rice County with intent to commit the crime of larceny. Defendant later appeared in court and withdrew his plea of not guilty to the information charging burglary in the third degree and entered a plea of guilty. Subsequently, the county attorney moved to dismiss the charge of first-degree grand larceny, which motion was granted. It appears that another defendant, who was connected with the same offense, entered a plea of guilty to "attempted burglary." When defendant learned of this fact, he filed a motion to withdraw his plea of guilty and to enter a plea to the lesser offense of "attempted burglary," feeling that he should be entitled

to have his case disposed of on the same basis as the other defendant. The motion was denied, and defendant was sentenced to a term not to exceed 5 years.

It appears that defendant had a prior criminal record, and his counsel informed the court that he was a "rather desperate man," apprehensive of the long sentence he might serve because of that fact. The attorney told the court:

"* * * With his record he is faced with a rather long prison sentence, that he feels he should try every possible means however slight to gain his release. I feel that he has saved the county some money by pleading guilty and the Court's time as well and that he should be given some consideration in showing him some leniency. * * * [H]e is over 40 years old and he has spent a good deal of his adult life in prison and if he is ever going to be rehabilitated and lead a useful life it will have to be soon."

We have carefully examined the proceedings in the district court,[1]

---

[1] On January 20, 1964, defendant appeared in said court with his counsel, Osmund Ause, and the transcript shows that the following proceedings were had:

"THE COURT: State against Warren. The record may show that the Court has before it what purports to be an application to plead guilty to the charge of burglary in the third degree. Would you step up here, Warren? Is that your signature?

"THE DEFENDANT: Yes.

"THE COURT: As I recall it, the last time you were here you entered a plea of not guilty to the charge of burglary. Does this application indicate as far as you are concerned you want to withdraw your plea of not guilty to that charge?

"THE DEFENDANT: Yes, sir.

"THE COURT: Have you talked this over with Mr. Ause?

"THE DEFENDANT: Yes, I have.

"THE COURT: Do you understand you are entitled to a trial by jury on that charge?

"THE DEFENDANT: Yes, I do.

"THE COURT: Under those circumstances the state would be required to prove you guilty beyond a reasonable doubt in order to convict you, do you understand that?

and it appears from the record that defendant does not deny the criminal acts with which he is charged. The burden of his claim is that he should have the same treatment as that given the other person who was in-

"THE DEFENDANT: Yes, I understand.

"THE COURT: You know the possible penalties that may be imposed as a result of conviction on the charge of burglary in the third degree?

"THE DEFENDANT: I have a good idea of what it is.

"THE COURT: Have you discussed that with Mr. Ause?

"THE DEFENDANT: Not fully, no, sir.

"THE COURT: Perhaps you should do that before we go any further with it. Will you do that now, please?

"(Mr. Ause and defendant confer together)

"THE DEFENDANT: Yes, sir, he has advised me.

"THE COURT: Was the advice you received any different from what you expected?

"THE DEFENDANT: No, sir.

"THE COURT: As to the possible penalty?

"THE DEFENDANT: No, sir.

"THE COURT: If I understand you correctly what you thought was the penalty now turns out to be your thinking was correct, is that right?

"THE DEFENDANT: Yes, sir.

"THE COURT: Are you asking me to allow you to withdraw your plea of not guilty and enter a plea of guilty?

"THE DEFENDANT: Yes, I am.

"THE COURT: That request is granted. A plea of guilty may be entered, Mr. Heck, burglary in the third degree. In view of the time limitation, gentlemen, and an indication that the Court will order a pre-sentence investigation will you be willing to waive statements at this time?

"MR. COOK: The state is willing, your Honor.

"THE COURT: Are you willing that that occur?

"THE DEFENDANT: Yes.

"THE COURT: I will give you an opportunity to tell me about this at a later time, anything you want to say before sentence is passed. I am going to order a pre-sentence investigation anyway. Do you understand that?

"THE DEFENDANT: Yes.

"THE COURT: Would you step over here and raise your right hand now? I suppose for the record you should indicate, Mr. Ause, whether or not you have any objection to that.

"MR. AUSE: I understand sentence will be on a different date?

"THE COURT: That will be a different date.

volved in the offense. In passing upon the merits of his claim that the court erred in denying his request to withdraw his plea, we must rely on the most recent authorities in which that subject is discussed. State v.

"MR. AUSE: And we can make statements at that time?

"THE COURT: Yes.

"MR. AUSE: That will be satisfactory.

"VERNE LANDON WARREN, sworn.

"EXAMINATION

"BY THE COURT:

"Q. Were there three people involved in this matter?

"A. Yes, there was.

"Q. What were the names of the other two fellows?

"A. Donald Haley and James Fredine.

"Q. Who owned the automobile?

"A. I think it belonged to Mr. Fredine, his wife, him and his wife.

"Q. Haley was in here the other day and indicated that you and he went into the building, as I understood it, and brought the safe out to the loading dock and along about that time the endeavors in which you were engaged were interrupted.

"A. Yes.

"Q. Is that correct?

"A. Yes, that is about the extent of it, yes. What we were in the process of doing at the time was pushing it over the side because we were going to leave it. We abandoned trying to take it.

"Q. What?

"A. I say what we were trying to do was push it over the side, we were going to leave it, we couldn't take it.

"Q. In any event, you did go into the Parvena Elevator, did you?

"A. Yes.

"Q. You didn't have permission to go in there?

"A. No, sir.

"Q. How did you get in?

"A. The door was open, the big sliding door.

"Q. What?

"A. It was unlocked.

"Q. You slid it open and went in, did you?

"A. Yes.

"Q. When you got in there did you then take the safe out?

"A. Yes, sir.

Roggenbuck, 271 Minn. 557, 136 N. W. (2d) 857; State v. Harding, 260 Minn. 464, 110 N. W. (2d) 463.

It is well established that a motion to withdraw a plea of guilty and

---

"Q.   You had it out on the loading dock at the time you were arrested by the police?

"A.   Yes, sir.

"Q.   Had you made an attempt to open it?

"A.   No, sir.

"Q.   So far as you know is there anything wrong with your health?

"A.   Well, not except what Dr. Graham told me, in the city, that I would probably need some surgery pretty soon.

\* \* \* \* \*

"Q.   Are you satisfied that the advice that Mr. Ause has given you with respect to your conduct in these proceedings is accurate and adequate for your purposes?

"A.   To the best of my knowledge, yes.

"Q.   I understand that you and he had a disagreement initially as to whether or not you should enter a plea of guilty to this charge and I don't ask you about that. After that had occurred and from that time to this point do you consider he has adequately counseled you with respect to how you should handle it whenever you have asked him to do so?

"A.   Well, this is the only occasion I had to talk to him regarding this.

"Q.   That doesn't answer my question. Do you consider what he has done for you he has done a good job for you?

"A.   Yes, I feel—

"Q.   What?

"A.   Yes, what he has advised me on, yes.

"Q.   Are you satisfied that you are guilty of the offense of burglary in the third degree?

"A.   Yes.

"THE COURT: All right. Would you step over here, please? For the record, the Court certifies from outward appearances the defendant appears to be in good health and of at least normal intelligence and fully understands these proceedings. On your plea of guilty it is now the judgment of this Court you are guilty of the offense of burglary in the third degree charged in the information filed by the county attorney. Further proceedings in connection with sentencing are stayed until further order of the Court and the matter is referred to the Commissioner of Corrections for pre-sentence investigation and report. You have been through this before, I expect, and you

to enter a plea of not guilty is addressed to the sound discretion of the trial court, subject to the usual rules governing its exercise. Here it appears that defendant, who admits his guilt, desired to withdraw his plea

---

understand that doesn't mean that you are going to get one treatment or the other, only that the Court wants to know more about you before sentence is passed. Do you understand that?

"THE DEFENDANT: Yes."

On February 14, 1964, the following proceedings were had before said court, defendant again being represented by Mr. Ause:

"THE COURT: State against Warren.

"MR. COOK: The state is ready, your Honor.

"THE COURT: The Court has before it what appears to be an attempt to notice a motion to withdraw the plea of guilty and to dismiss a criminal information. Is that the intent of these papers, Warren?

"THE DEFENDANT: Yes, sir.

"THE COURT: Would you step up here, please? Would you indicate to the Court what you desire to be done?

"THE DEFENDANT: I made that motion—

"THE COURT: You will have to talk loud enough so that everyone can hear you.

"THE DEFENDANT: I made that motion to the Court and then later on I wrote you a letter indicating I would withdraw it if I could plead to the lesser degree of the crime. I don't believe I am guilty of the crime as charged and since there was only an attempt made in the crime itself—we had given up hope of carrying out the crime when the officer came upon us.

"THE COURT: Have you discussed this with Mr. Ause?

"THE DEFENDANT: No, sir, I haven't.

"THE COURT: Do you want a chance to do that?

"THE DEFENDANT: I had better, yes.

"THE COURT: Go ahead. There are several other things that are noted here. I don't know whether you have a copy of this, Mr. Ause, or not.

"MR. AUSE: That letter, yes, you sent me a copy of that.

"THE COURT: You take these and we will recess for five or ten minutes or whatever is necessary to discuss it.

"MR. AUSE: We were talking here before court on some of these matters. About five minutes would be all that is necessary.

"THE COURT: Let me know when you are ready.

"(Recess)

"THE COURT: Are you ready to proceed with this?

"MR. AUSE: Yes, I talked to him. What he has in mind, he would like to

of guilty so as to continue further bargaining negotiations with the prose-cuting attorney and the court. A. B. A. Project on Minimum Standards for Criminal Justice, Standards Relating to Pleas of Guilty (tentative

---

volunteer to plead to attempted burglary and drop the previous charge which he has already pled guilty to. Otherwise he would like to move to withdraw his plea of guilty to burglary on the ground of newly discovered evidence. He says if that motion fails he would like the Court on its own review of the facts or consideration to reduce the charge to attempt rather than burglary. Is that right?

"THE DEFENDANT: Yes.

"THE COURT: Well, now the motion that you wish considered first then is what? There are two of them, apparently one to allow the defendant to withdraw his plea of guilty to the charge of burglary on the ground there is available to him evidence that he didn't have at the time that he entered that plea. Is that a correct statement of it?

"THE DEFENDANT: Yes.

"THE COURT: Secondly, there is a motion to allow you to enter a plea of guilty to the charge of attempted burglary. Which one do you want the Court to consider first?

"MR. AUSE: Unless the County Attorney concurs in the—his view to drop the first charge there isn't much point in making an attempt charge if he is already faced with the charge of burglary itself. What is your view on that?

"MR. COOK: The state opposes any reduction of the charge.

"MR. AUSE: Then I would imagine the— your first motion is to with-draw your plea of guilty.

"THE DEFENDANT: Yes.

"MR. AUSE: You tell the Court about that.

"THE COURT: Why do you think the Court should allow you to do that?

"THE DEFENDANT: Well, your Honor, I believe there is some defense in the crime of third degree—charge of third degree burglary, because there was only an attempt made and we had given up on the crime and, of course, we were intoxicated at the time, partially intoxicated.

"THE COURT: Well, it seems to me that what you have now indicated to me are things which you knew at the time you entered a plea to this charge of burglary in the third, is that correct?

"THE DEFENDANT: Yes, I knew that but I didn't know according to law it could be considered, that part I didn't know about.

"THE COURT: You told me when you were here before that you entered the building, that you entered it without permission, that you entered it in the company of Haley and removed from the building a safe which was on

draft) § 2.1, p. 52, expresses the view that the court should allow a defendant to withdraw his plea of guilty upon timely motion where such withdrawal is necessary to correct a manifest injustice. In the absence of

the loading dock which you had at that point decided to abandon rather than attempt to take it with you. Do you recall telling me that?

"THE DEFENDANT: Yes, that is correct.

"THE COURT: Now, at the time that you told me those things you also knew that you had intended to abandon the safe, is that right?

"THE DEFENDANT: Yes.

"THE COURT: You told me that the last time you were here.

"THE DEFENDANT: Yes.

"THE COURT: Is this what you have in mind in—as a defense to the charge of burglary, your intent to abandon the safe?

"THE DEFENDANT: Yes, the intent, your Honor.

"THE COURT: Is that the only thing?

"THE DEFENDANT: Well, I would feel when I was bound over to District Court we were bound over by indictment instead of by information.

"THE COURT: Is there anything else that is newly discovered evidence that you are talking about?

"THE DEFENDANT: Well, the newly discovered evidence I was talking about was giving up on the crime itself and being partially intoxicated at the time.

"THE COURT: Do you consider that you understand the elements that make up the crime of burglary?

"THE DEFENDANT: I don't understand why two other defendants can plead guilty to attempt and I have to plead guilty to the crime itself of burglary. That I can't comprehend at all.

"THE COURT: That has very little, if anything, to do with whether or not you should plead guilty because of the treatment that someone else has received or it has nothing at all to do with why you should or should not be allowed to reopen this plea of guilty you have entered. It doesn't answer the question that I have asked you. Do you consider that you understand the elements of the crime of burglary?

"THE DEFENDANT: I believe that it is breaking and entering.

"THE COURT: Is there anything else with respect to newly discovered evidence that you think might be brought out before a jury, in a trial before a jury, that you haven't told me about?

"THE DEFENDANT: I don't know—I don't understand enough about it to do it—to present it.

a showing that withdrawal is necessary to correct a manifest injustice, a defendant may not withdraw his plea as a matter of right once the plea has been accepted by the court.

---

"THE COURT: Am I correct that you have been doing some reading since I saw you last?

"THE DEFENDANT: Yes.

"THE COURT: You ran across this grounds for re-opening of newly discovered evidence, is that right?

"THE DEFENDANT: Yes.

"THE COURT: Did you understand that in order that that be granted it was necessary that you have some evidence that you didn't have at the time that you entered your plea?

"THE DEFENDANT: I thought that I had given my evidence on what I thought was an attempt charge.

"THE COURT: I see.

"THE DEFENDANT: I didn't know it could be considered, taken into consideration by the Court.

"THE COURT: What is the state's position on the defendant's motion for leave to withdraw his plea and reopen on the ground of newly discovered evidence?

"MR. COOK: The state is opposed to it, being without any foundation, your Honor. The defendant has been examined in court following his application to enter a plea and the elements of the crime were admitted to in open court. I don't feel any purpose would be served by granting his motion.

"THE COURT: Mr. Ause, anything that you feel would be of interest to the Court in connection with this motion?

"MR. AUSE: No. I questioned him and his answers were the same to me as they were to you.

"THE COURT: The motion to re-open the judgment of conviction having been heretofore entered on the plea of guilty to the charge of burglary is denied. Is there anything further that you want to say in connection with your motion to allow you to enter a plea of guilty to the charge of attempted burglary?

"THE DEFENDANT: I would like the Court to consider it.

"THE COURT: The Court has considered it. Is there anything further you want to say about it?

"THE DEFENDANT: I just feel that I should be given consideration to plead to the lesser degree of the crime in view of the circumstances involved."

We cannot say here that the trial court's denial of defendant's motion was an abuse of discretion. Defendant was represented by competent counsel and entered the plea of guilty only after he had been fully informed of his rights. The fact that the county attorney preferred a lesser charge against another person who was involved in the offense with defendant would not warrant this court in saying that the trial court abused its discretion and that both defendants should have been charged with the same offense.

The other assignments of error are without merit.

Affirmed.