## STATE v. CHARLES V. CARLSON.

192 N. W. 2d 820.

December 10, 1971—No. 43071.

*Charles V. Carlson,* pro se, for appellant.

*Warren Spannaus,* Attorney General, *Paul J. Tschida,* Special Assistant Attorney General, *William B. Randall,* County Attorney, and *Steven C. DeCoster,* Assistant County Attorney, for respondent.

Heard before Knutson, C. J., and Murphy, Kelly, and Hachey, JJ.

RONALD E. HACHEY, JUSTICE.*

Defendant appeals, pro se, after imposition of sentence following a conviction of burglary.

On August 19, 1966, defendant, represented by a public defender of Ramsey County, entered a plea of guilty to the crime of burglary. The matter was continued to September 15, 1966, and extended to September 19 for presentence investigation. Defendant failed to appear on either date, and a bench warrant was issued for his arrest. On October 1, 1970, after he was extradited from Florida State Prison, Raiford, Florida, he reappeared in District Court, Ramsey County, again represented by a mem-

---

*Acting as Justice of the Supreme Court by appointment pursuant to Minn. Const. art. 6, § 2, and Minn. St. 2.724, subd. 2.

ber of the staff of the public defender. At that time, he moved to withdraw his plea of guilty and asked for a jury trial. His motion and request were denied, and defendant was sentenced to the custody of the commissioner of corrections according to law, said sentence to be served consecutively to the prior sentence imposed by the State of Florida and one which might be imposed by the United States in a pending criminal proceeding against defendant. Defendant was returned to the Florida prison with a hold placed upon him.

Defendant contends that his plea of guilty was improperly received in that it resulted from police coercion, that he was not adequately represented by counsel, and that the court erred in denying his motion to withdraw his plea of guilty.

■ From an examination of the record it clearly appears that a claim of police coercion is without foundation. In August, 1966, defendant voluntarily appeared at police headquarters to inform them of his part in a burglary committed on October 21, 1965. He was not even a suspect at that time. He voluntarily related his part in the crime, both to the police and to the court. During the period of presentence investigation, he again voluntarily described in further detail his part in the crime. These facts demonstrate that defendant's claim of coercion is without merit.

■ Defendant contends that his court-appointed counsel gave him inadequate representation. There is nothing to so indicate in the record. After consultation with his client, defendant's attorney apparently concluded that no defense existed. Defendant freely and voluntarily, in open court, entered his plea of guilty. The reception of the guilty plea by the court was, therefore, manifestly proper. A careful reading of the transcript of the arraignment indicates that defendant was well represented by counsel. His claim of inadequate representation is without merit. He has not met his burden of showing that the representation by counsel was inadequate so as to make the proceedings a sham or mockery of justice. State v. Waldron, 273 Minn. 57, 69, 139 N. W. 2d 785, 794 (1966).

 It is well settled that a motion to vacate a plea of guilty is addressed to the sound discretion of the trial court and that an exercise of that discretion will only be disturbed by this court in cases of clear abuse or to correct a manifest injustice. State v. Waldron, *supra;* State v. Warren, 278 Minn. 119, 153 N. W. 2d 273 (1967). The denial of defendant's motion in this case does not constitute such an abuse of discretion.

Affirmed.