## STATE v. GEORGE JACOBS.

192 N. W. 2d 816.

December 10, 1971—No. 41926.

*C. Paul Jones,* State Public Defender, and *Doris O. Huspeni,* Assistant State Public Defender, for appellant.

*Warren Spannaus,* Attorney General, *George M. Scott,* County Attorney, and *Henry W. McCarr, Jr.,* and *David G. Roston,* Assistant County Attorneys, for respondent.

Heard before Knutson, C. J., and Murphy, Kelly, and Hachey, JJ.

RONALD E. HACHEY, JUSTICE.*

Defendant appeals from a judgment of conviction entered pursuant to his plea of guilty to a charge of aggravated robbery. He cites two errors, either one of which would, if it occurred, require reversal or at least the granting of a new trial. The claimed errors are: (1) The trial court wrongfully accepted defendant's plea of guilty, and (2) defendant was not adequately represented by counsel.

On August 12, 1968, defendant and a codefendant appeared in district court for the purpose of entering pleas of guilty. Defendant entered his plea of guilty first. He was questioned both by counsel and the court and gave reasons why he entered his plea. He expressed awareness of possible punishment, the right to jury trial, the presumption of innocence, the burden of proof, the requirement of a unanimous verdict, the right to remain silent, and the right to call witnesses. He then stated that he was entering his plea of guilty, not because he was coerced, but because he had in fact taken money from the victim. Defendant also stated that he had been given adequate time to confer with

---

*Acting as Justice of the Supreme Court by appointment pursuant to Minn. Const. art. 6, § 2, and Minn. St. 2.724, subd. 2.

his attorney and that he was satisfied with the manner in which his rights had been explained.

Immediately following defendant's appearance and plea, his codefendant entered a plea of guilty before the same trial judge but was later allowed to withdraw his plea when subsequent interrogation disclosed that intoxication might be a defense. It is not clear from the record whether defendant was present in court at this time. The codefendant was tried by the same trial court without a jury, and defendant testified as a witness at the trial. He stated that before the alleged robbery he had been drinking with the victim and the codefendant, but had not participated in a fight between them. He further testified that he did pick up some money off the ground, which he later gave to the codefendant after the victim had been beaten up by the codefendant. Defendant made no claim that he was intoxicated nor did he give any evidence inconsistent with his guilt. At the time his guilty plea was offered and rejected, the codefendant had testified that he was "pretty drunk," but he was nonetheless found guilty. We affirmed the conviction. State v. Whitecloud, 290 Minn. 277, 187 N. W. 2d 694 (1971). It does not appear that the defense of intoxication was pointed out to defendant, but there is nothing in the record to indicate that it was applicable. Defendant also testified that he had no intent to rob the victim.

Defendant asserts that the court improperly accepted his plea of guilty because he never specifically admitted intent, an essential element of the crime, and also that, because he was not informed of the defense of intoxication, he was deprived of adequate representation by counsel.

■ In State v. Lund, 277 Minn. 90, 92, 151 N. W. 2d 769, 771 (1967), we said:

"* * * The mere fact of a person's drinking does not create a presumption of intoxication, and the possibility of intoxication does not create the presumption that a person is rendered incapable of intending to do a certain act."

In State ex rel. Terry v. Tahash, 278 Minn. 100, 153 N. W. 2d 227 (1967), we held that mere testimony concerning drinking was not in itself enough to raise the issue; the defendant must at least offer the drinking as an explanation of his actions.

In protecting the rights of the accused in accepting pleas of guilty, we have laid down guidelines and have stated that a guilty plea should be received with caution. State v. Jones, 267 Minn. 421, 127 N. W. 2d 153 (1964); Langer v. State, 287 Minn. 320, 321, 178 N. W. 2d 628, 629 (1970); State v. Williams, 282 Minn. 240, 163 N. W. 2d 868 (1969); Chapman v. State, 282 Minn. 13, 18, 162 N. W. 2d 698, 702 (1968).

No plea should be accepted where it appears doubtful that it has been made intelligently and understandingly. State v. Jones, *supra.* From the record here, it clearly appears that defendant entered his plea intelligently and understandingly.

■ Defendant contends that even if his plea of guilty was correctly accepted, his subsequent statements made at the trial of his codefendant should have prompted the trial court to permit a withdrawal of the plea. However, from the record it appears that defendant was fully aware that his codefendant had withdrawn his plea of guilty but took no action to assert a similar defense.

The withdrawal of a guilty plea is addressed to the sound discretion of the trial court and an exercise of that discretion will be disturbed by this court only in cases of clear abuse of discretion and to correct a manifest injustice. State v. Waldron, 273 Minn. 57, 139 N. W. 2d 785 (1966); State v. Warren, 278 Minn. 119, 153 N. W. 2d 273 (1967); State v. Carlson, 292 Minn. 38, 192 N. W. 2d 820 (1971). The general policy favoring the finality of judgments in civil cases applies, to some extent at least, in criminal cases as well once a plea of guilty is accepted and a judgment of conviction is entered upon it. Chapman v. State, *supra.* Here the trial court properly received the plea of guilty and nowhere in the record is there any evidence of a manifest injustice. Defendant's contention that his plea of guilty should

not have been accepted, or that he should later have been permitted to withdraw it, is without merit and is rejected.

■ Defendant was represented by an assistant public defender. At the time of arraignment, defendant stated that he had had ample time to confer with his attorney; that he was satisfied with his handling of the case; and that his rights had been satisfactorily explained to him. At the time of sentencing, the court thoroughly inquired of defendant if he had anything to say, whether or not he was satisfied with the services of his attorney, and whether he was fully advised of his constitutional rights. Defendant stated he had nothing to say, indicated he had been represented adequately and competently, and further indicated that he fully understood and had been advised of his constitutional rights. We have held repeatedly that in order to obtain relief on the ground of inadequate representation, the aggrieved party must show that the representation complained of was so inadequate so as to amount to a sham or mockery of justice. State ex rel. Kons v. Tahash, 281 Minn. 467, 474, 161 N. W. 2d 826, 831 (1968), certiorari denied, 394 U. S. 961, 89 S. Ct. 1304, 22 L. ed. 2d 562 (1969); State v. Waldron, *supra;* State v. Carlson, *supra.* The record does not support an allegation that defendant was deprived of the effective assistance of counsel.

■ Finally, defendant contends that his attorney was remiss in not attempting to plea bargain. This is an argumentative assertion. There is nothing in the record to indicate whether or not any attempts were made to plea bargain. However, defendant's record does disclose that he had at least 4 prior felony convictions and 13 prior misdemeanor convictions. Under the circumstances, we would not consider him a model applicant for plea-bargaining discussion nor a prime candidate for lenient disposition. We would hesitate to find reversible error in his case on the ground that plea bargaining was not attempted.

Judgment affirmed.