**STATE of Minnesota, Respondent,**

v.

**Mark Robert DeZELER, Appellant.**

**No. C3–87–1845.**

Court of Appeals of Minnesota.

April 19, 1988.

Review Granted June 10, 1988.

Hubert H. Humphrey, III, State Atty. Gen., James B. Early, Sp. Asst. Atty. Gen., St. Paul, John Leitner, Aitkin Co. Atty.,

Stephen C. Rathke, Sp. Asst. Aitkin Co. Atty., Brainerd, for respondent.

John E. Mack, New London, for appellant.

Heard, considered and decided by LANSING, P.J., and HUSPENI and FORSBERG, JJ.

## OPINION

HUSPENI, Judge.

In his appeal from the denial of his petition for postconviction relief, appellant, Mark DeZeler, argues that the trial court erred in denying his motion to withdraw the plea of guilty to receiving stolen goods in violation of Minn.Stat. § 609.53, subd. 1 (1984). We reverse and remand.

## FACTS

In March of 1986, appellant arranged to purchase a specific type of motorboat from Robert Metz, knowing that Metz sold stolen boats. The motorboat and trailer, valued at $10,590, were stolen in Plymouth on May 10, 1986, from Bradley Bergquist. After the theft, the boat numbers and one of the serial plates on the boat were replaced. On May 16, 1986, Metz sold the boat to appellant for $3,500. Appellant took the boat to his cabin on Camp Lake, Minnesota.

On May 18, 1986, Bergquist visited the Myrmar Lodge on Lake Mille Lacs. Bergquist was on the lakeshore when appellant navigated the motorboat into the dock at the lodge. Recognizing the boat as his own, Bergquist confronted appellant as to the boat's ownership, whereupon appellant maintained the boat was his property. When Bergquist called the police, however, appellant disappeared from the scene.

Appellant was arrested and charged with receiving stolen property in contravention of Minn.Stat. § 609.53, subd. 1 (1984), which provides:

Any person who receives, possesses, transfers, buys or conceals any stolen property or property obtained by robbery, may be sentenced as follows:

(1) If the value of the property is $1,000 or more, to imprisonment for not more than ten years or to payment of a fine of not more than $20,000, or both;

* * * * * *

*Id.* When property valued at less than $2,500 is received, the offense has a sentencing guidelines severity level of five; if the property value is over $2,500, the severity level is six.

At the date of the guilty plea hearing, appellant, his attorney and the county attorney all believed appellant's criminal history score was two. On this basis, the presumptive sentence for a severity level five offense is a stayed sentence of 34 months. Based on negotiations between the two attorneys, the county attorney agreed to recommend four months' incarceration if appellant gave adequate information concerning the identity of the person who sold him the boat and six months maximum if he did not. The record at the guilty plea hearing reads as follows:

The [appellant] will plead guilty to receiving stolen property, a felony, which is the charge in the Complaint. There's a recommended sentence in this matter which would be that the State would agree that the offense would fall under severity level five of the sentencing guidelines. The State would further agree to recommend that the probationary jail time to be served in this matter be capped at six months, which means that State is not recommending any kind of departure from the sentencing guidelines, this being a presumptive stay.

Further, the State would agree that the probationary jail time could be capped at four months if the defendant gives a full, complete and truthful disclosure as to the person he purchased the stolen property from, which in this case is a boat, and that he provides any other information about the source of the boat at the time of the plea. There are no other agreements.

* * * * * *

[T]he recommendation by the State to cap the jail time at four months depending on his cooperation with regard to the stolen property here would have to be conditioned on him giving a full, complete and truthful disclosure to authorities in Ramsey and Hennepin County and if before the time of sentencing I get word back from them that he has—this [appellant] has not cooperated in that regard, that could present a problem for him as far as my recommendation is concerned.

Appellant did not present a guilty plea petition to the trial court.

As required by the Minnesota Rules of Criminal Procedure, the trial court questioned appellant concerning his understanding of the guilty plea and warned appellant:

[I]f you [cooperate] then they'll recommend no more than four months in jail. I can tell you now there will be some fine. I will be listening to both lawyers and to yourself, to the Sheriff and to the writer of the presentence investigation, *but the bottom line is that you will not be able to withdraw your plea of guilty today regardless of what sentence is imposed* * * *.

Because a presentence investigation was ordered, the trial court did not accept the guilty plea immediately.

At the start of the sentencing hearing, the trial judge read the plea agreement into the record; both attorneys agreed to the wording. The trial court adjudicated appellant guilty without giving appellant an opportunity to withdraw his plea.

Next, the trial judge questioned the county attorney regarding the presentence investigation report which revealed appellant's criminal history score was three. On this basis, the presumptive sentence would be 34 months incarceration instead of a stayed sentence of the same duration. The county attorney stated:

I would state for the record that at the time of the plea agreement it was contemplated that the [appellant's] criminal history score would come out at two and also that we would treat this as if it were in severity level five. *In looking at the guidelines grid, it's not so important*

*from a dispositional standpoint whether this is five or six because with a criminal history score of two, it would be a presumptive stay under either severity level, but if you jump out to criminal history score three at either severity level five or six, it then becomes a presumptive commit,* so I think it's the criminal history score that * * * we all should be most concerned about here today and all I can state for the record is, Your Honor, that at the time of the plea negotiations it was my contemplation and I think [appellant's] too, that we would find the defendant to have a criminal history score of two based on his two prior convictions.

The county attorney determined that appellant had cooperated as required by the plea agreement and asked the trial court to accept the plea agreement.

Appellant then moved to withdraw the guilty plea. The trial court, however, did not address the motion and made no ruling on it. Instead, the trial court determined the property was valued at more than $2,500 and that the offense had a severity level of six. Appellant was sentenced, based on a criminal history score of three, to the presumptive sentence of 34 months in prison.

Subsequently, appellant filed a petition for postconviction relief. A hearing took place on July 21, 1987, before a second judge. The trial judge who conducted the guilty plea and sentencing hearings testified regarding the Ninth District policy on guilty pleas:

Q. Tell us what you recall about the conversation, when [you were in chambers with the attorneys]?

TRIAL JUDGE. * * * I know that I stress that * * * because of the size in the Ninth District, there would be no opportunity to withdraw a plea if I didn't go along with the recommendations, and if the presentence investigator, plus all of them, who would talk at the time of sentencing, convince me to go along, fine, but I remain free to do exactly what I wanted, with the defendant having no opportunity to withdraw his plea. I may

have said, but I don't recall, that if there were to be a sentence today, waive the presentence investigation, then you have an opportunity for an iron clad deal, there is no presentence investigation, and I may have said that. * * *

Q. I take it, with respect to the sentencing bargain being binding on the judge, what you're saying, that is not your policy, but a general policy of the Ninth District?

TRIAL JUDGE. It is the understanding of the six judges and we undertook that policy shortly after the Rules of Criminal Procedure went into effect, simply because of the size of the district. It doesn't permit this business of withdrawing a plea, if they don't like the sentence or the judge can't go along with it, because the next step is, to have another judge assigned to it, and that is very very difficult, because of the size of our district. It's been my practice unless I sentence immediately.

The postconviction court concluded that the sentence was proper based upon the record and denied the petition for relief.

## ISSUE

Did the trial court err in omitting to question appellant in accordance with Rule 15.01(12) of the Minnesota Rules of Criminal Procedure and in denying appellant his absolute right to withdraw his guilty plea pursuant to the rule?

## ANALYSIS

Our scope of review is limited to ascertaining whether there is sufficient evidence in the record to support the findings of the postconviction court. *Kochevar v. State,* 281 N.W.2d 680, 687 (Minn.1979); *Doughman v. State,* 351 N.W.2d 671 (Minn.Ct. App.1984). Absent a clear abuse of discretion, the postconviction court's decision will not be disturbed on appeal. *State v. Jacobs,* 292 Minn. 41, 44, 192 N.W.2d 816, 819 (1971).

█ Appellant argues that the postconviction court erred in refusing to permit him to withdraw the guilty plea. After sentencing, the defendant must prove to

the court that withdrawal of the plea is necessary "to correct a manifest injustice." Minn.R.Crim.P. 15.05, subd. 1. The standard for withdrawing a plea after sentencing involves a higher showing than is required when withdrawing the plea before sentencing. *State v. Williams,* 373 N.W. 2d 851, 853 (Minn.Ct.App.1985). The burden is on the petitioner at a postconviction proceeding to prove by a preponderance of the evidence the facts which would warrant withdrawal of his guilty plea. Minn.Stat. § 590.04, subd. 3 (1984); *Hanson v. State,* 344 N.W.2d 420, 423 (Minn.Ct.App.1984). In order to determine whether petitioner met his burden before the postconviction court, we must examine the circumstances underlying entry of the guilty plea now being challenged.

■ The essence of appellant's argument is that when the sentencing court rejected the plea bargain presented to it by the parties, it was required to permit appellant to withdraw his guilty plea or to reaffirm it. We agree and find strong support for appellant's position in the Minnesota Rules of Criminal Procedure.

"There are three basic prerequisites to a valid guilty plea: the plea must be accurate, voluntary and intelligent (i.e. knowingly and understandingly made)." *State v. Trott,* 338 N.W.2d 248, 251 (Minn.1983). The Minnesota Rules of Criminal Procedure place upon the trial court judge the responsibility for proper disclosure of the plea agreement. Minn.R.Crim.P. 15.04, subd. 3(1).

> If a plea agreement has been reached which contemplates entry of a plea of guilty, the trial court judge may permit the disclosure to him of the agreement and the reasons therefor in advance of the time for tender of the plea. When such plea is tendered and the defendant questioned, the trial court shall reject or accept the plea of guilty on the terms of the plea agreement. The court may postpone its acceptance or rejection until it has received the results of a pre-sentence investigation. *If the court rejects the plea agreement, it shall so advise the parties in open court and then call upon the defendant to either affirm or withdraw his plea.*

*Id.* (emphasis added). The state argues that the agreement between the attorneys amounted only to a recommendation and, therefore, appellant could not withdraw his plea when the recommendation was rejected by the sentencing court. We cannot agree. What is properly described as an "agreement" and what constitutes a "recommendation" must be defined from the point of view of the participants in the subject proceeding. Certainly the prosecutor, defense counsel and defendant may *agree* that they will *recommend* a certain disposition of a charge to the trial court. That agreement remains but a recommendation from the point of view of the sentencing court, unless and until the sentencing court agrees to be bound by the recommendation. Unquestionably, the sentencing court has an absolute right to reject the recommendation of the parties. However, rejection must be followed by a statement to defendant that the plea may then either be affirmed or withdrawn. The Rules are susceptible to no interpretation which would permit proceedings such as occurred here and such as are allegedly the policy of the Ninth Judicial District. While we are cognizant of the geographical vastness of this district, it is wholly improper to expect the defendants in criminal cases to bear the burden of demanding travel requirements and inconvenient court calendars.

■ We note additionally that when hearing the guilty plea, the trial court failed to appropriately question appellant under the Minnesota Rules of Criminal Procedure. Minn.R.Crim.P. 15.01 sets forth the questions which a trial judge *must* ask of a defendant to determine whether the guilty plea was accurate, voluntary and intelligent. Rule 15.01 provides in part:

> Before the court accepts a plea of guilty, the defendant shall be sworn and questioned by the court with the assistance of counsel as to the following:
>
> \* \* \* \* \* \*
>
> 12. Whether his attorney has told him and he understands that if the court does not approve the plea agreement, *he has*

*an absolute right to withdraw his plea of guilty and have a trial.*

*Id.* (emphasis added). The trial judge did not comply with this requirement. In *State v. Wiley*, 420 N.W.2d 234 (Minn.Ct. App.1988), *pet. for rev. filed* (Minn. April 7, 1988), we held that where a defendant demonstrated extensive knowledge of his constitutional rights and of criminal procedure, the guilty plea was not invalidated by the trial court's failure to ask questions set out in rule 15.01. *Id.* at 237 (plea agreement accepted by trial court; defendant moved for postconviction relief). In this case, however, the trial court not only failed to ask the appropriate question, but also warned appellant that "the bottom line is that you will not be able to withdraw your plea of guilty today regardless of what sentence is imposed." In addition, appellant's attempt to withdraw the guilty plea upon rejection of the plea agreement was ignored. This action constitutes a denial of appellant's absolute right to withdraw his plea upon rejection of the plea agreement by the sentencing court. We hold that the trial court's denial of appellant's absolute right to withdraw his guilty plea constituted reversible error. The postconviction court should have allowed withdrawal of appellant's plea to correct a manifest injustice.

## DECISION

The trial court erred in failing to question appellant pursuant to Minn.R.Crim.P. 15 and in denying him his absolute right to withdraw his guilty plea upon rejection by the court. Consequently, the postconviction court's denial of postconviction relief is reversed. Upon remand, appellant shall be permitted to withdraw his guilty plea and to stand trial.

Reversed and remanded.