**STATE of Minnesota, Respondent,**

v.

**Robert Lee JOHNSON, Appellant.**

**No. 49953.**

Supreme Court of Minnesota.

July 3, 1980.

arrest him was in violation of the United States Supreme Court's recent opinion in *Payton v. New York*, —— U.S. ——, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980), we nonetheless conclude that the trial court did not prejudicially err in admitting any of the evidence in question. Under *United States v. Crews*, —— U.S. ——, 100 S.Ct. 1244, 63 L.Ed.2d 537 (1980), the eyewitness identification testimony clearly was not the suppressible product of the *Payton* violation. The hair and body samples likewise were not suppressible as they were obtained pursuant to court order.

■ The only arguably suppressible incriminating product of the assumed illegality was the identification card seized in the search incidental to defendant's arrest. Where there is any reasonable doubt that the erroneously admitted evidence contributed to the verdict, a new trial must be granted. Beyond any reasonable doubt this evidence had no effect on the verdict.

Affirmed.

C. Paul Jones, Public Defender, and Mary E. Steenson, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, App. Section, Asst. County Atty., David W. Larson, Asst. County Atty., and Thomas A. Weist, Minneapolis, for respondent.

OTIS, Justice.

Defendant was found guilty by a district court jury of simple robbery and criminal sexual conduct in the first degree, Minn. Stat. §§ 609.24, .342(c) (1978), was sentenced by the trial court to concurrent maximum prison terms of 20 years and 10 years. On this appeal from judgment of conviction defendant, in a brief filed by the public defender and in a pro se supplementary brief, raises a number of issues. We affirm.

■■ The only issue meriting any discussion is the contention in the supplementary brief that the trial court should have suppressed certain evidence, which defendant contends was seized in violation of his Fourth Amendment rights. Assuming for purposes of this opinion that the warrantless nonconsensual, nonexigent crossing of the threshold of defendant's apartment to