**STATE of Minnesota, Respondent,**

v.

**Marjorie C. HAGEN, Petitioner.**

**No. C5–84–21.**

Court of Appeals of Minnesota.

Jan. 11, 1984.

**161**

court. On November 29, 1983, trial commenced with the selection of a jury.

The trial court, on January 3, 1984, issued its order permitting admission of evidence on the two counts of the *Spreigl* notice which allege:

### COUNT IV

That on or about September 4, 1979, in Woodland, Hennepin County, Minnesota, Marjorie C. Hagen, then known as Marjorie C. Bannister and/or Marjorie C. Le-Roy, intentionally caused the house located at 2900 Highway 101 to be damaged by means of fire.

### COUNT V

That on or about May 5, 1982, in Orono, Hennepin County, Minnesota, Marjorie C. Hagen intentionally caused the garage located at 3660 Togo Road to be damaged by means of fire.

Petitioner now moves this court for a writ of prohibition to prohibit admission of the *Spreigl* evidence.

Ronald Meshbesher, Meshbesher, Singer & Spence, Minneapolis, for petitioner.

Daniel H. Mabley, Asst. County Atty., Minneapolis, for respondent.

Heard, considered and decided by POPOVICH, C.J., and WOZNIAK and PARKER, JJ.

### MEMORANDUM OPINION AND ORDER

POPOVICH, Chief Judge.

On January 17, 1983, petitioner, Marjorie C. Hagen was charged in a two-count complaint of arson in the second degree and insurance fraud.

On September 12, 1983, the county attorney filed a *Spreigl* notice indicating intention to offer evidence of additional "offenses, wrongs or acts". *State v. Spreigl,* 272 Minn. 488, 139 N.W.2d 167 (1965). Both the prosecutor and defense filed memoranda on the *Spreigl* issues with the trial

### ANALYSIS

■ 1. A writ of prohibition may issue when (1) the court is about to exercise judicial power; (2) the exercise of such power is unauthorized by law; and (3) the exercise of such power may result in an injury for which there is no other adequate remedy at law. *Hancock-Nelson v. Weisman,* 340 N.W.2d 866 (Minn.App.1983).

■ 2. The admissibility of *Spreigl* evidence is within the discretion of the trial court. The issue before this court is whether the trial judge abused his discretion in permitting admission of the evidence on the two earlier fires. For purposes of this proceeding only, we do not find such abuse as to require the writ to be issued. We make no decision on the merits of the issue should there be a future appeal.

3. There is an adequate remedy at law available to the petitioner in a proper appeal, if necessary, after trial. Although we recognize that this remedy involves addi-

tional expense and delay. These problems are no different for petitioner than for any other defendant in a criminal action who is dissatisfied with a ruling made during trial.

## DECISION AND ORDER

1. Petitioner's request for a writ of prohibition prohibiting enforcement of the trial court's order admitting certain *Spreigl* evidence is denied.

2. Denial of the petition does not reach or decide the merits of petitioner's contentions as to the admissibility of the *Spreigl* evidence. We reserve review of its admissibility on the merits for possible future appeal after completion of the trial.