STATE of Minnesota, Respondent,

v.

Edward John TIESSEN, Appellant.

No. C2–84–347.

Court of Appeals of Minnesota.

Aug. 21, 1984.

Review Denied Nov. 7, 1984.

Hubert H. Humphrey, III, Atty. Gen., Robert A. Stanich, Sp. Asst. Atty. Gen., St. Paul, for respondent.

C. Paul Jones, Minn. State Public Defender, Mark F. Anderson, Asst. State Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and PARKER, and CRIPPEN, JJ., with oral argument waived.

## OPINION

PARKER, Judge.

Appellant Edward J. Tiessen appeals from his conviction for burglary in violation of Minn.Stat. § 609.52, subd. 2(1), and theft in violation of Minn.Stat. § 609.582, subd. 1(a) (1982 and Supp.1983). Appellant claims the evidence was insufficient because his intoxication precluded the finding of the requisite intent to commit the offenses. He also personally raises several issues which are claimed to merit a new trial. We affirm.

## FACTS

At about 6:15 a.m. on August 25, 1983, Mathias Neisen, a farmer in rural Mahnomen, Minnesota, was awakened by noises in his house. He got up and encountered appellant. Upon inquiry appellant stated he was "just checking things out." Appellant then left the house.

Neisen headed to his daughter's 1973 Dodge Charger, and had a further conversation with appellant at the car. Appellant called Neisen's attention to the fact that there were noises coming from a shed, and Neisen indicated that the noises were only the sound of livestock. Neisen testified that he grabbed the keys, which were in the ignition of the automobile, and returned to the house. Meanwhile, appellant started the car and began driving away. Neisen and his son followed the car in their pickup truck in hot pursuit at speeds of 60 to 65 miles an hour. They chased the car for a while but gave up and drove into Mahnomen to notify the authorities.

An officer who responded found a man in a green vehicle in the lane of the Neisen farm. He was identified as Michael Reese, who apparently led authorities to the Rice Lake area of Clearwater County, 20 to 25 miles east of Mahnomen, where the Neisen 1973 Dodge Charger was later located. It was found in the woods near some residences, with the key inside.

Appellant and other defense witnesses testified that appellant had received a ride from Reese while hitchhiking from the Twin Cities. According to the defense, appellant consumed a large amount of beer and other alcohol and smoked some marijuana the day before and until the closing of the bars at 1:00 a.m. No one testified that appellant had any intoxicants between about 1:00 a.m. and 6:15 a.m., the time appellant entered the Neisen home. Appellant testified he had no recollection of being at the Neisen home.

Besides arguing that appellant never intended to steal anything from the house or to permanently steal the car, appellant's counsel argued that appellant's voluntary intoxication negated the possibility that he formed the requisite intent to commit the crimes. At the concurrence of all counsel, the trial court instructed the jury on burglary, trespass (a lesser included offense of burglary), and theft. The jury convicted appellant of all three offenses, and the trial court vacated the trespass conviction.

## ISSUES

1. Was the evidence sufficient to convict appellant of burglary and theft?

2. Is appellant entitled to a new trial based on several allegations of error?

## DISCUSSION

### I

Appellant's principal contention is that the evidence was insufficient to sustain his convictions because the evidence of intoxication at trial negated a reasonable finding that he had the requisite intent to commit the offenses.

"Intent" means "that the actor either has the purpose to do the thing or cause the result specified or believes that his act, if successful, will cause that result." Minn.Stat. § 609.02, subd. 9(4) (1982). Intent may be proved by circumstantial evidence. *State v. Hardimon*, 310 N.W.2d 564, 566 (Minn.1981).

It has frequently been stated that a defendant who seeks to reverse the jury's verdict of conviction bears a heavy burden because of the limited appellate review. *State v. Strimling*, 265 N.W.2d 423, 428 (Minn.1978); *State v. Merrill*, 274 N.W.2d 99, 111 (Minn.1978); *State v. Pieschke*, 295 N.W.2d 580, 584 (Minn.1980); *State v. Campion*, 354 N.W.2d 573, 578 (Minn.Ct. App.1984); *State v. Roberts*, 350 N.W.2d 448, 451–452 (Minn.Ct.App.1984).

That appellant was intoxicated does not compel the conclusion that he could not form the requisite intent. *State v. Kittleson*, 305 N.W.2d 787 (Minn.1981). The jury is free to reject the so-called "intoxication defense" because the question of whether intoxication negates the existence of the culpable mental state is a question of fact. *State v. Wahlberg*, 296 N.W.2d 408, 416 (Minn.1980); *State v. Neumann*, 262 N.W.2d 426, 431 (Minn.1978). There is no presumption that a defendant who has been drinking is incapable of formulating the intent to commit the crime. *Wahlberg*, 296 N.W.2d at 416; *State v. Lund*, 277 Minn. 90, 92, 151 N.W.2d 769, 771 (1967).

Here, the defense offered testimony from the defendant and other witnesses that defendant had consumed a large quantity of beer, other alcoholic beverages and smoked some marijuana. However, the jury evidently rejected appellant's intoxication defense. The evidence was thus sufficient to convict appellant of burglary and theft. *See State v. St. Cyr*, 354 N.W.2d 479 (Minn.Ct.App.1984), issued concurrently.

## II

Appellant makes several personal contentions of error which are claimed to merit a new trial. These issues were originally addressed in a pro se petition filed in federal district court on a writ of habeas corpus; the petition was dismissed for lack of jurisdiction because of the defendant's failure to exhaust state remedies.

A. *Illegal Arrest.* There was no challenge to the legality of the arrest at the omnibus hearing and, hence, under established principles of appellate review we are precluded from consideration of this claim. *See generally State v. Malaski*, 330 N.W.2d 447 (Minn.1983).

B. *Suggestive Pretrial Identification Procedures.* Appellant claims the in-court identification of him should have been suppressed because it was tainted by the effect of impermissively suggestive identification procedures and by the victim's viewing of him while he was handcuffed just prior to the omnibus hearing. The trial court rejected this claim after the omnibus hearing, and we find the trial court's conclusion that the procedure was not impermissively suggestive to be sound. *State v. Brouillette*, 286 N.W.2d 702 (Minn. 1979). In any event, Mathias Neisen's identification had an origin independent of the photographic display, since he observed the defendant within his home for 15 minutes and was only five feet away at one point. *State v. Winston*, 300 Minn. 314, 317, 219 N.W.2d 617, 619 (1974). Besides, identification was not an issue at trial.

C. *Ineffective Assistance of Counsel.* Appellant claims his trial counsel did not exercise "the customary skills and diligence that a reasonably competent attorney would perform under similar circumstances." *White v. State*, 309 Minn. 476, 480, 248 N.W.2d 281, 285 (1976). He cites 11 examples of purportedly ineffective counsel.

1. Failure to request dismissal of the complaint on probable cause grounds at the omnibus hearing. Defendant's counsel did request dismissal at a supplemental omnibus hearing on October 10, 1983, and prior to trial, and the motion was denied.

2. Failure to submit written memorandum in support of omnibus suppression motion. Trial counsel made an oral argument instead. This claim is patently frivolous.

3. Failure to challenge omnibus hearing identification of appellant on basis of taint from victim viewing appellant in handcuffs prior to hearing. This claim is also without merit; it was raised by the defendant personally prior to jury selection and rejected by the trial court. It is clear that the identification by Mathias Neisen was independent of any viewing that he may have had of appellant in handcuffs.

4. Failure to request sequestration of State witnesses at the omnibus hearing and trial. Rule 26.03, subd. 7, Minn.R.Crim.P., provides that "witnesses *may* be sequestered or excluded from the courtroom, prior to their appearance, in the *discretion* of the court" (emphasis added). There is no merit to the suggestion of ineffective counsel simply because counsel failed to request sequestration of witnesses.

5. Failure to appeal from pretrial rulings and from conviction before sentence. Criminal appeals are from final judgments. Rule 28.02, subd. 2, Minn.R.Crim.P. *See State v. Hagen*, 342 N.W.2d 160 (Minn.Ct. App.1984).

6. Failure to present expert testimony on alcoholism in support of appellant's voluntary intoxication defense. Expert testimony on chronic alcoholism is of dubious relevance in the context of a voluntary intoxication defense. *State v. Johnson*, 327 N.W.2d 580 (Minn.1982). In any event, the record reflects that appellant's trial counsel sought and obtained judicial authorization to hire an expert to develop his intoxication claim. However, the record is silent as to whether an expert was hired or why an expert was not called as a witness or, if called, whether appellant's defense may have been supported.

7. Failure to seek suppression of confession by accomplice Michael Reese. Michael Reese was arrested outside the victim's farmstead and subsequently led police to the area where the victim's car was recovered and appellant was arrested. Appellant asserts that Reese was coerced into giving this information and that his trial counsel erred in failing to seek suppression of any statements by Reese and any investigatory fruits thereof. No statements by Reese were offered at trial. No evidence suggests that Reese was coerced into leading the police to appellant. Most importantly, appellant cannot vicariously assert a violation of Reese's Fifth Amendment rights. *State v. Hines*, 270 Minn. 30, 39, 133 N.W.2d 371, 377 (1964).

8. Failure to cross-examine adequately. Appellant suggests that his trial counsel should have rebutted Mathias Neisen's testimony that the ignition keys had been removed from the car by directly confronting him with the fact that an ignition key was later found in the car when it was recovered. He also claims that trial counsel failed to cross-examine him on the fact that the complaint indicated that the victim had removed the car keys from appellant's person before he left the house and that appellant had "hot wired" the car in order to take it. Neisen's testimony was at variance with this in that there was no indication that the keys were taken from appellant's person, and there was other testimony indicating that the car was not "hot wired" because the ignition key was found in it when the car was recovered. Appellant's counsel elicited testimony from an officer that a key was found in the ignition of the car when recovered. The fact that the victim's testimony varied from the complaint is meaningless because allegations in the complaint are not evidence, and it would have been improper to attempt to cross-examine Neisen on this matter.

9. Failure to object to amendment of complaint. Prior to jury selection, the trial court permitted the complaint to be amended to more specifically allege that the burglary was committed without the consent of the building's owner and that the theft was committed with intent to permanently deprive the true owner. Rule 17.05, Minn. R.Crim.P., authorizes the amendment of

this complaint, and there is no merit to appellant's claim of prejudice.

10. Failure to object to trial court's instruction to voluntary intoxication defense. The instruction that was given was approved in *State v. Wahlberg*, 296 N.W.2d 408, 418 (Minn.1980), and was patterned on Crim. Jig 7.03.

11. Failure to challenge the legality of appellant's arrest. Without any intimation that we view the arrest as illegal because there is no evidence in the record, there was no suppressible fruit derived from the arrest. *United States v. Crews*, 445 U.S. 463, 100 S.Ct. 1244, 63 L.Ed.2d 537 (1980); *State v. Johnson*, 294 N.W.2d 848 (Minn. 1980). There is simply no merit to the contention that the in-court identification of appellant was a suppressible fruit of his alleged illegal arrest. As the United States Supreme Court said in *Crews*, "an illegal arrest, without more, has never been viewed as a bar to subsequent prosecution, nor as a defense to a valid conviction." *Crews*, 445 U.S. at 474, 100 S.Ct. at 1251.

■ D. *Racial Bias in Peremptory Challenges.* Appellant claims the prosecutor improperly used two peremptory challenges to remove two native Americans from the jury. This claim is patently frivolous and unsubstantiated. Absent any proof beyond an assertion that peremptory challenges have systematically been used to exclude minorities from the jury, the prosecutor need not explain its reason for striking the jurors in question. *State v. Gatlin*, 295 N.W.2d 538 (Minn.1980). The claim here is even more absurd in light of the fact that two native Americans were left on the jury by the prosecutor.

■ E. *Confrontation Violation Because Accomplice Failed to Testify.* Appellant claims that, although statements of accomplice Michael Reese were not offered at trial, his right to confrontation was somehow infringed because of his inability to cross-examine Reese. Attempts to subpoena Reese proved unsuccessful. This contention is without merit, as the right of confrontation was clearly without applica-

tion here. *State v. Hines*, 270 Minn. 30, 41, 133 N.W.2d 371, 379 (1964). For a general discussion of the right to confrontation see *Ohio v. Roberts*, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980); *State v. Hansen*, 312 N.W.2d 96 (Minn.1981).

■ F. *Jury Instruction on Trespass.* Appellant claims it was error for the trial court to instruct the jury on the lesser included offense of trespass of a dwelling. This issue is moot, since the trial court vacated the trespass conviction at sentencing upon the jury's conviction of burglary.

■ G. *Denial of Access to Law Books and Copy Machines.* Appellant claims he was denied access to an adequate law library and copy machine while in jail and at Stillwater Prison after sentencing. This contention need not be addressed here because there is no relationship between these allegations and to the judgment under review and because he had meaningful access to the courts through his appointed trial counsel and the state public defender on appeal. *Bounds v. Smith*, 430 U.S. 817, 830–31, 97 S.Ct. 1491, 1499–1500, 52 L.Ed.2d 72 (1977); *United States v. Blue Thunder*, 604 F.2d 550, 557 (8th Cir.), *cert. den'd* 444 U.S. 902, 100 S.Ct. 215, 62 L.Ed.2d 139 (1979).

### DECISION

Appellant's convictions for burglary and theft are supported by the evidence, and appellant has not shown any error or any inadequate trial counsel requiring a new trial.

Affirmed.