STATE of Minnesota, Respondent,

v.

Maurice MORGAN, Appellant.

No. C5–84–729.

Court of Appeals of Minnesota.

Nov. 27, 1984.

## OPINION

FORSBERG, Judge.

Appellant Maurice Morgan was convicted by a jury of aggravated robbery and burglary for beating and robbing a visitor of the downtown Minneapolis YMCA. Appellant claims the in-court identification was erroneously admitted. Related to this argument, he claims the evidence was insufficient. Finally, he claims he was denied a fair trial. We affirm.

## FACTS

On July 16, 1983, Robert Summerlin, a visitor from Atlanta, Georgia, checked into the Minneapolis YMCA. Summerlin entered the elevator and a black male got in with him. The man showed Summerlin how to use his room key to operate the elevator. Both men got off on the eleventh floor and Summerlin found his room. He noticed the man from the elevator with his long greasy hair, Hawaiian type shirt, and black pants walking down the hall. Summerlin saw the same man in the hall when he later returned to his room after showering on another floor.

About five minutes later, three black males forced their way into Summerlin's room. They took his billfold and severely beat him in the head. When they left the "Y," David Johnson saw them leave the building and run away. Johnson had been sitting across the street and identified the man in front as having wild frizzy hair, Hawaiian shirt, and black pants.

When the police arrived, they discovered a wallet in Room 1117, the scene of the robbery. The wallet contained appellant's temporary driving permit. About one week later Sergeant Will talked with Summerlin via long distance and obtained a description of the men involved in the robbery. This description was in the same general terms as a description Summerlin had given earlier while at the hospital where he was treated for his injuries. Sergeant Will interviewed appellant that day while appellant was being held in the Hennepin jail on an unrelated charge. Appel-

Hubert H. Humphrey, III, Atty. Gen., Thomas L. Johnson, Hennepin County Atty., Paul R. Jennings, Asst. County Atty., Minneapolis, for respondent.

C. Paul Jones, State Public Defender, Mary R. Vasaly, Asst. State Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and HUSPENI and FORSBERG, JJ., with oral argument waived.

lant identified the wallet that was found in the YMCA as his and admitted that he was at the YMCA near the time of the robbery. He claimed the wallet had been stolen while he was showering at the "Y" and that he spent most of that day at Lake Calhoun.

A photo display of seven photographs was assembled and both Summerlin and Johnson selected appellant. This identification, however, was excluded by the trial court on the ground it was impermissively suggestive.

At trial both Summerlin and Johnson testified and identified appellant. Appellant was convicted as charged and sentenced on the aggravated robbery conviction to a 49-month prison term.

### ISSUES

1. Did the trial court err in admitting the in-court identification of appellant?

2. Was the evidence sufficient?

3. Was appellant denied a fair trial?

### ANALYSIS

### I.

■ Appellant claims the trial court improperly allowed Summerlin and Johnson to identify him at trial after a pretrial photo lineup had been ruled impermissively suggestive. The trial court ruled, and we think correctly, that the identification by the two witnesses was independently derived. *See State v. Tiessen*, 354 N.W.2d 473 (Minn.Ct.App.1984). The trial court was satisfied that based on the witnesses' opportunity to view the perpetrator, their prior description, the time that had elapsed and the level of certainty demonstrated, the identification was proper. *Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977).

The facts show Summerlin testified he was face-to-face with appellant in a small elevator for a minute and was shown how the room key system to the elevator worked. The lighting in the elevator was good. Summerlin saw appellant on at least

three occasions prior to the robbery, all of them under conditions without stress. He also saw appellant while he was attacked for about 30 seconds. Summerlin saw that appellant was black, had a unique hair style, and a unique shirt. Appellant was positively identified by Summerlin and Johnson; Johnson saw the assailant for 15 to 20 seconds as he ran by him at a distance of about 50 feet. The in-court identification of appellant by both witnesses was valid as the pretrial identification did not create a substantial likelihood of irreparable misidentification. *State v. Dillard*, 355 N.W.2d 167 (Minn.Ct.App.1984).

### II.

■ Appellant asserts the evidence was insufficient. This argument is meritless. The jury was entitled to disbelieve appellant's explanation about how his wallet ended up in Summerlin's room. The jury was entitled to credit the identification testimony of Summerlin and Johnson. Appellant's claim that Summerlin never observed several additional unique features of appellant goes to the weight to be accorded Summerlin's testimony. The jury considered this as well as other evidence affecting the reliability of his testimony when they evaluated Summerlin's testimony. *State v. Burch*, 284 Minn. 300, 313, 170 N.W.2d 543, 552 (1969).

### III.

Appellant claims he was denied a fair trial because of the cumulative effect of several errors which occurred at trial. We have carefully reviewed the record and find no merit to appellant's contentions.

■ 1. Sergeant Will testified about an interview he had with appellant. Sergeant Will stated that he told appellant "he [Will] was not investigating the reason he [appellant] was currently held in the Hennepin County jail." To avoid highlighting this matter, defense counsel made a motion for a mistrial at the next break. The trial court found this remark to be an inadvertent slip by the officer and harmless error.

In denying appellant's motion, the trial court stated:

I want to make it clear that I have no reluctance to declare a mistrial where I think a mistrial is justified and I have done so in the past and I have carefully considered whether to grant one here and I am of the firm opinion that it would be unwise for me to do so.

We agree with the trial court that the slight error here was not sufficient to warrant a mistrial and was harmless.

■ 2. In the direct examination of Summerlin, the prosecutor showed Summerlin the photograph of appellant that had been used in the photo display previously ruled inadmissible, and asked him, "Sir, I am showing you what has been marked as State's Exhibit 3 for identification. Can you tell the Court what this is?" Summerlin responded "That's the picture I identified of the guy that robbed me." Defense counsel again moved for a mistrial at the end of Summerlin's testimony.

The photo was used to show a change in appellant's hair style since the robbery. The two previous State's witnesses had been asked the same question and had not referred to the excluded lineup. We note that Summerlin's answer here did not specifically refer to an excluded lineup. However, we do agree with the trial court who again denied appellant's motion for a mistrial, that the witness' statement was unfortunate but was not sufficiently significant to warrant a mistrial.

■ 3. Appellant claims he was prejudiced because the jury twice observed him in the custody of guards being taken away to the jail between proceedings. We will not discuss this issue because the record does not reflect that appellant was actually seen by jurors in restraint. *See State v. Patch*, 329 N.W.2d 833 (Minn.1983).

■ 4. Appellant claims the prosecutor violated Minn.R.Crim.P. 9.01 in withholding information relative to the visual defects of Summerlin. Specific information about Summerlin's eye glass prescription was obtained from him by telephone after he returned to Georgia. This information was

apparently obtained after someone in the State's Victims Assistance Program spoke to Summerlin casually and later volunteered the comments about Summerlin's eyesight to defense counsel. By stipulation this information regarding his eyesight was read to the jury by the trial court and the jury was also given a chart showing the range of visual loss at particular gradations.

Apparently Summerlin wore his prescription glasses throughout trial. Defense counsel asked him what kind of eye condition he had and Summerlin said "a lazy eye." Defense counsel neglected to ask Summerlin about his prescription or what impact a lazy eye had on his vision. In view of this, the information was not hidden by the prosecutor, *State v. Schwantes*, 314 N.W.2d 243 (Minn.1982), since it was readily available all the time. Moreover, the information was introduced at trial later, albeit by stipulation.

### DECISION

The trial court did not err in allowing the in-court identification of appellant by two witnesses. The evidence was sufficient to convict him of aggravated robbery and burglary. While appellant did not have a perfect trial, he did have a fair trial. None of the errors which occurred at trial are sufficiently significant to warrant a new trial.

Affirmed.