**Terry Lee WEST, petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. C7–86–476.**

Court of Appeals of Minnesota.

July 15, 1986.

Review Denied Aug. 27, 1986.

C. Paul Jones, State Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, State Atty. Gen., Thomas L. Johnson, Hennepin Co. Atty., Vernon E. Bergstrom, Chief, Appellate Section, Michael Richardson, Asst. Co. Atty., Minneapolis, for respondent.

Considered and decided by POPOVICH, C.J., and FOLEY and FORSBERG, JJ., with oral argument waived.

## OPINION

FOLEY, Judge.

Appellant Terry West was convicted of attempted second-degree murder, Minn. Stat. §§ 609.19, 609.17 and 609.11 (1984), and second-degree assault, Minn.Stat. §§ 609.222, 609.11 (1984). A subsequent petition for post-conviction relief was denied. Appellant contends the evidence was insufficient, that the prosecutor committed misconduct in closing argument, and that he was denied his right to self-representation. We affirm.

## FACTS

In the evening of April 11, 1984, appellant met Jon Ringstad at B.J.'s bar in North Minneapolis. Ringstad, age 22, had recently completed basic army training. Appellant admitted at trial that he was a flim-flam con man who travels around the country selling fake hashish, primarily at dope bars, airports, airport bars and shopping centers.

According to Ringstad, appellant said his name was "Jacobs" and invited Ringstad to smoke up in his car. Appellant then asked Ringstad to help him with directions because he was about to make a sale in an unfamiliar area. Ringstad agreed to go along. Appellant drove around for about a half an hour. Appellant stopped at the Riverhouse and invited Ringstad to come with him for a beer, but Ringstad stayed in the car. While alone, he found a box of razor blades in the glove compartment and took a blade, concealing it in his right hand. Ringstad said he became fearful of appellant because appellant had asked several questions about Ringstad's car, which was parked at B.J.'s, and because he thought appellant was "weird." Ringstad did not leave the car, however, because he was several miles from B.J.'s or his parent's home. Ringstad testified that when appellant came back to the car, he told Ringstad

he was a tough guy who had been to prison several times.

Appellant then drove down a dark, dirt road near Dayton, Minnesota in northwest Hennepin County and prepared a pipe of hashish to smoke. Ringstad had dropped the razor blade. Appellant said, "Why do you think I brought you out here?" Ringstad attempted to leave the car. He heard appellant say, "Hey buddy" and then heard a shot and felt something hit him in the shoulder. Ringstad ran to the nearest house where the police were called. He was subsequently taken to a hospital and treated for a gunshot wound. Ringstad described his assailant to the police.

Meanwhile, appellant drove back to downtown Minneapolis and took a cab back to B.J.'s. He showed the cab driver cuts to his arm and stomach. Appellant was arrested at the bar and was positively identified by Ringstad back at the hospital.

Appellant testified and claimed that Ringstad was the one who pulled a knife on him, grabbed hashish and cut his arm and stomach. Appellant claimed that Ringstad searched the car for money and looked in the trunk area. As Ringstad did so, appellant found his gun, which had been concealed in a compartment underneath the glove box. According to appellant, he then told Ringstad not to move and the gun accidentally went off, hitting Ringstad in the back. Ringstad then ran away.

Dr. Gary Peterson, Hennepin County Medical Examiner, testified that appellant's cuts to his arms and stomach were not typical of a defensive type wound, but were consistent with self-inflicted cuts. A search of appellant's car turned up, among other things, a razor blade on the floor of the passenger area.

Appellant was convicted of attempted murder in the second degree and second-degree assault and was sentenced to 60 months imprisonment for the attempted murder conviction. His subsequent petition for post-conviction relief was denied and he appeals.

## ISSUES

1. Was the evidence sufficient to sustain appellant's convictions for attempted murder in the second degree and assault in the second degree?

2. Did the prosecutor's remarks during closing argument deny appellant a fair trial?

3. Was appellant denied his right to self-representation?

## ANALYSIS

### I.

■ The jury resolves conflicts in testimony because it has "the opportunity to observe the demeanor of witnesses and to weigh their credibility." *State v. Anderson*, 379 N.W.2d 70, 77 (Minn.1985), *cert. denied*, —— U.S. ——, 106 S.Ct. 2248, 90 L.Ed.2d —— (1986), *citing State v. Lloyd*, 345 N.W.2d 240, 245 (Minn.1984). The prosecutor argued in closing argument that Ringstad did not appear overly bright or sophisticated in contrast to appellant, and that it was difficult to believe the "con man got conned" by Ringstad. The jury verdict indicates the jury did not believe appellant.

Based on the time, location and circumstances of the shooting and the entry point of the bullet (middle of the back, inches from Ringstad's spine), the jury could have concluded that the State had met its burden of proving appellant intended to kill Ringstad and intended to inflict bodily harm with a dangerous weapon. The post-conviction court correctly concluded that in giving deference to the jury's verdict, the evidence was sufficient to sustain appellant's convictions.

### II.

Appellant points to a portion of the closing argument which he claims is an improper appeal to the bias and prejudice of the jury. We have reviewed the comment and agree with the post-conviction court's observation that the comments did not interfere with appellant's right to a fair trial and were not unduly prejudicial. Moreover, no objection was made. *State v.*

*Marquetti,* 322 N.W.2d 316, 318 (Minn. 1982).

## III.

■ Appellant personally asserts he was denied his sixth amendment right to self-representation. At appellant's first appearance he requested to proceed pro se. The trial court appointed advisory counsel. At the probable cause hearing, the appointed counsel informed the court that appellant had requested full representation from the public defender. Appellant was represented by a public defender at trial. At sentencing, appellant requested to represent himself and was allowed to do so.

Appellant claims he was forced to accept an attorney because of the lack of access to legal materials and the lack of private conditions in jail. Appellant was provided adequate assistance from an attorney and had meaningful access to the courts. *Bounds v. Smith,* 430 U.S. 817, 827, 97 S.Ct. 1491, 1497, 52 L.Ed.2d 72 (1977); *State v. Tiessen,* 354 N.W.2d 473, 478 (Minn.Ct.App. 1984). We find no violation of appellant's right to self-representation under *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Appellant's contentions are without merit.

## DECISION

Appellant's convictions for attempted murder in the second degree and assault in the second degree are affirmed.

Affirmed.