**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A25-0206**
**A25-0207**

In the Matter of the Welfare of: E. J. C. L., Child.

**Filed November 24, 2025**
**Affirmed**
**Frisch, Chief Judge**


Nobles County District Court
File Nos. 53-JV-24-39, 53-JV-24-72

Cassandra J. Bautista, Bautista Defense PLLC, South St. Paul, Minnesota (for appellant E.J.C.L.)

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Braden Hoefert, Nobles County Attorney, Worthington, Minnesota; and

Travis J. Smith, Special Assistant County Attorney, Slayton, Minnesota (for respondent State of Minnesota)

Considered and decided by Ede, Presiding Judge; Frisch, Chief Judge; and Larkin, Judge.

**SYLLABUS**

A district court plainly errs by allowing a witness to testify at trial outside the presence of a defendant without holding a hearing and making findings pursuant to Minn. Stat. § 595.02, subd. 4(c) (2024), that the defendant's presence "would psychologically traumatize the witness so as to render the witness unavailable to testify."

## OPINION

**FRISCH**, Chief Judge

Appellant seeks reversal of the district court's delinquency adjudication, arguing that the district court committed reversible plain error by allowing a child-witness to testify at trial, outside the presence of appellant, without first making findings pursuant to Minn. Stat. § 595.02, subd. 4(c), that the defendant's presence would psychologically traumatize the witness so as to render the witness unavailable to testify. Appellant alternatively seeks reversal of his delinquency adjudication on the basis that his trial counsel was ineffective. Although the district court plainly erred by failing to hold a hearing and making the required statutory findings before allowing the child-witness to testify at trial outside of appellant's presence, such error did not affect appellant's substantial rights. Even if the error affected appellant's substantial rights, the error did not call into question the fairness or integrity of judicial proceedings. Finally, appellant failed to satisfy his burden to establish that his trial counsel was ineffective. We therefore affirm.

## FACTS

This consolidated appeal arises from two delinquency petitions, one charging appellant E.J.C.L. with first-degree criminal sexual conduct involving a six-year-old victim (the child) and the other charging second-degree criminal sexual conduct involving victim X.C. The matters were consolidated for trial.

Before trial, respondent State of Minnesota moved the district court for an order allowing the child to testify at trial outside of appellant's presence, pursuant to Minn. Stat. § 595.02, subd. 4(c), and for an order allowing the presence of a support person during the

child's testimony. At the pretrial hearing, the district court asked appellant's attorney if there was an objection to the state's motion. The attorney responded that there was no objection, and the district court granted the state's motion. Thereafter, the state informed the district court that the child's therapist was present and ready to testify in support of the motion. Given the district court's ruling, the state requested to excuse the therapist. In response, the district court asked appellant's attorney: "[Y]our client is stipulating and not objecting to the motions, so they can be excused, correct?" The attorney responded: "Yes, Your Honor." The district court excused the therapist.

The matter proceeded to a court trial. The child was scheduled to testify on the first day of trial. Prior to the child's testimony, the district court inquired about accommodations, and the state informed the district court that the child requested that their mother, who was also a witness, accompany the child as a support person. Appellant's attorney stated that there was no objection to the request.

The trial proceeded. The state's attorneys, appellant's attorney, and the district court judge were present in the main courtroom during the child's testimony. Appellant and his parents were present in a separate courtroom. The courtrooms were connected via video and audio. Appellant was provided a phone to text live messages to his attorney.

Before the child's testimony began, the district court asked appellant's attorney: "Do you believe that your client's constitutional rights are adequately protected, he's able to communicate clearly and timely with you and able to see and hear everything?" Appellant's attorney responded: "Yes, Your Honor. Yes, Your Honor." The district court

3

said: "All right. And the reason that this is being done was covered at the pretrial so that this child witness would not see [appellant] while testifying."

The child then testified to living in the same house with appellant and to accompanying appellant to the basement of the house. The child did not respond to questions about what occurred in the basement. The child nodded in response to a question asking if their private area ever hurt. The child did not respond to questions asking the cause of the pain. Following a break in testimony, the child testified that something happened in the basement with appellant, that appellant touched the child, that appellant used his hands to touch the child's private parts, and that appellant touched the child's private parts on both the inside and outside.

On cross-examination, appellant's attorney asked the child: "You said [appellant] touched you on the inside. The inside of what?" The child did not respond. On redirect examination, the child testified that appellant touched their bottom. The state asked, "What did [appellant] touch the inside of your behind with?" The child responded, "[W]ith his penis."

Victim X.C. also testified at trial. X.C. testified that, on two separate occasions, appellant repeatedly touched X.C.'s private parts over his clothes and kept touching X.C. after X.C. told appellant to stop. On each occasion, the touching occurred while appellant and X.C. played hide-and-seek, and appellant told X.C. that if appellant won at "rock, paper, scissors," he got to touch X.C. The district court found X.C.'s testimony credible, and a forensic interview corroborated X.C.'s testimony.

Following the conclusion of the trial, and pertinent to this appeal, the district court found appellant guilty of one count of first-degree criminal sexual conduct with respect to the child and adjudicated him delinquent, finding that the "limited testimony provided by [the child] is credible." In the order concerning victim X.C., the district court found appellant guilty of two counts of second-degree criminal sexual conduct and adjudicated him delinquent.

This appeal follows.

## ISSUES

I.    Did the district court commit plain error requiring reversal by failing to hold a hearing and make findings required by Minn. Stat. § 595.02, subd. 4(c), before permitting the child to testify at trial outside the presence of appellant?

II.    Did appellant receive ineffective assistance of trial counsel?

## ANALYSIS

Appellant seeks reversal of the district court's delinquency adjudication, arguing that the district court violated his right to confront his accuser by allowing the child to testify outside of appellant's presence without holding a hearing and making findings under Minn. Stat. § 595.02, subd. 4(c), that appellant's presence would psychologically traumatize the child so as to render the child unavailable to testify. Appellant argues that this error was plain, that he was prejudiced by this error, and that his trial counsel was ineffective primarily because counsel did not object to the witness segregation or the presence of the child's mother during the testimony. The state agrees that the district court plainly erred by failing to hold a hearing and make the necessary findings but contends that any error did not prejudice appellant or affect the fairness or integrity of proceedings and

5

that appellant has failed to carry his burden to establish that his trial counsel was ineffective. We address each issue in turn.

**I.     The district court plainly erred by allowing the child to testify outside the presence of appellant without holding a hearing and making the necessary findings, but this error did not affect appellant's substantial rights or call into question the fairness or integrity of judicial proceedings.**

Appellant argues that the district court plainly erred by failing to hold a hearing and make findings pursuant to Minn. Stat. § 595.02, subd. 4(c), that appellant's presence would psychologically traumatize the child so as to render the child unavailable to testify at trial before permitting the child to testify outside of appellant's presence. Allowing a witness to testify at trial outside a defendant's presence implicates the Confrontation Clause. *See Maryland v. Craig*, 497 U.S. 836 (Minn. 1990). The Confrontation Clauses of the United States and Minnesota Constitutions provide: "In all criminal prosecutions the accused shall the enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI; Minn. Const. art. 1, § 6; *see State v. Holliday*, 745 N.W.2d 556, 565 (Minn. 2008) (applying same analysis under both the Minnesota and federal Confrontation Clauses). "Minn. Stat. § 595.02, subd. 4(c) establishes a permissible exception to the confrontation clause because it requires a specific finding that the denial of the right to confrontation is necessary to effectuate an important public policy." *State v. Conklin*, 444 N.W.2d 268, 272 (Minn. 1989).

Because appellant's attorney did not object to the district court's order permitting the child to testify outside the presence of appellant without holding a hearing and making the required statutory findings, we review this issue for plain error. *See State v. Rossberg*,

851 N.W.2d 609, 618 (Minn. 2014); *see also State v. Davenport*, 947 N.W.2d 251, 260-61 (Minn. 2020) (applying plain-error standard to unobjected-to failure of district court to comply with duty to instruct requirement of Minn. Stat. § 634.04 (2018)). "In order to meet the plain error standard, a criminal defendant must show that (1) there was an error, (2) the error was plain, and (3) the error affected the defendant's substantial rights." *State v. Myhre*, 875 N.W.2d 799, 804 (Minn. 2016) (citing *State v. Griller*, 583 N.W.2d 736, 740 (Minn. 1998)). "When the defendant satisfies these requirements, an appellate court may correct the error *only* when it seriously affects the fairness, integrity, or public reputation of the judicial proceedings." *Pulczinski v. State*, 972 N.W.2d 347, 356 (Minn. 2022).

A. **The district court plainly erred because it allowed the child to testify at trial outside of appellant's presence without holding a hearing and making required findings under Minn. Stat. § 595.02, subd. 4(c).**

"An error is plain if it is clear or obvious, which is typically established if the error contravenes case law, a rule, or a standard of conduct." *State v. Webster*, 894 N.W.2d 782, 787 (Minn. 2017) (quotation omitted). We consider "the law in existence at the time of appellate review" to determine whether an error is plain. *State v. Kelley*, 855 N.W.2d 269, 277 (Minn. 2014).

Minnesota law permits a witness who is a victim in a criminal-sexual-conduct case to testify at trial outside the presence of the defendant if the child is less than 12 years old and the district court, following a hearing, determines that the defendant's presence "would psychologically traumatize the witness so as to render the witness unavailable to testify."[1]

---

[1] We recognize that the statute requires a hearing, but we express no opinion as to the type or form of such a hearing.

Minn. Stat. § 595.02, subd. 4(c). The Minnesota Supreme Court has directed that this statute requires that "in every case it must be established by specific evidence that the particular witness[] is or would be psychologically traumatized and that traumatization is substantially caused by the presence of the defendant rather than by other reasons." *Conklin*, 444 N.W.2d at 274. Such evidence "must show more than mere nervousness or excitement or some reluctance to testify." *Id.* (quotation omitted).

We recognize that the district court's action reflected the agreement of the parties. Nevertheless, when a district court is faced with a motion to allow a child-witness in a criminal-sexual-conduct case to testify at trial outside the presence of a defendant, Minnesota law requires the district court to hold a hearing and make a specific finding based on evidence in the record that the witness "is or would be psychologically traumatized and that traumatization is substantially caused by the presence of the defendant rather than by other reasons." *Id.*

"The inquiry to be made by the trial court on this issue will necessarily vary with each case." *Id.* The district court's finding may be based on the district court's personal observations of the witness, but the district court's finding must be supported by evidence in the record. *Id.* The district court may question the witness in camera if necessary and should take "additional testimony" from others with personal knowledge of the child-witness. *Id.* Such testimony should focus on the consequences of the child testifying in the presence of a defendant. *Id.* Finally, while expert testimony is not always required, "it may be necessary in cases where the cause of the child's testimonial difficulties and trauma is not clear." *Id.*

8

In this case, the district court did not hold a hearing and did not make the requisite findings. It did not find that appellant's presence would psychologically traumatize the witness so as to render the witness unable to testify. It did not consider specific evidence that the particular witness is or would be psychologically traumatized or that such trauma would be substantially caused by the presence of appellant rather than other reasons. The state was prepared to satisfy its burden at the pretrial hearing with testimony from the child's therapist, but the district court did not require a hearing or such testimony based on counsel's stipulation to permit the child to testify outside of appellant's presence. Neither the statute nor our caselaw authorizes a district court to bypass the obligation to hold a hearing and make these statutory findings by stipulation. Instead, the supreme court has made clear that "*in every case*" the district court must make an individualized finding based on "*specific evidence that the particular witness*" is or would be psychologically traumatized and that such traumatization is "*substantially caused by the presence of the defendant*" as opposed to other reasons. *Id.* (emphasis added).

Such case-specific findings are required under Minn. Stat. § 595.02, subd. 4(c), to enable "a permissible exception to the confrontation clause." *Id.* at 272. "Face-to-face confrontation is 'the core of the values furthered by the Confrontation Clause.'" *Id.* (quoting *Coy v. Iowa*, 487 U.S. 1012, 1017 (1988)). Yet the confrontation clause "must occasionally give way to considerations of public policy and the necessities of the case." *Craig*, 497 U.S. at 849 (quotation omitted). Protection of child-witnesses from trauma is one of these important public-policy considerations. *See id.* at 855 ("[I]f the State makes an adequate showing of necessity, the state interest in protecting child witnesses from the

9

trauma of testifying in a child abuse case is sufficiently important to justify the use of a special procedure that permits a child witness in such cases to testify at trial against a defendant in the absence of face-to-face confrontation with the defendant."); *see also Coy*, 487 U.S. at 1025 (O'Connor, J., concurring) ("The protection of child witnesses is, in my view and in the view of a substantial majority of the States, just such [an important public] policy."). Without an individualized finding that a defendant's presence during witness testimony "would psychologically traumatize the witness so as to render the witness unavailable to testify," a district court's decision to allow a witness to testify at trial outside of a defendant's presence both runs afoul of the statute and is constitutionally suspect. *See Conklin*, 444 N.W.2d at 272-74; *see also Coy*, 487 U.S. at 1021 (holding that Iowa statute allowing victim to testify behind screen without an individualized finding of necessity was unconstitutional). Accordingly, we hold that a district court plainly errs by allowing a witness to testify at trial outside the presence of a defendant without holding a hearing and making findings pursuant to Minn. Stat. § 595.02, subd. 4(c), that the defendant's presence "would psychologically traumatize the witness so as to render the witness unavailable to testify." And here, the district court committed plain error by allowing the child to testify at trial outside of appellant's presence without holding a hearing and making the predicate statutory findings.

### B. The plain error did not affect appellant's substantial rights.

That the district court committed plain error is a necessary, but not sufficient, basis to warrant reversal. *See Rossberg*, 851 N.W.2d at 618. To prevail, the plain error must affect appellant's substantial rights. *Id.* Appellant argues that the district court's error

affected his substantial rights because he was deprived of the opportunity to confront his accuser and that the child's testimony would have materially differed had appellant's confrontation rights been vindicated. We must therefore assess whether the absence of a hearing and findings pursuant to Minn. Stat. § 595.02, subd. 4(c),—the plain error—affected appellant's substantial rights.

"An error affects substantial rights if there is a reasonable likelihood that it substantially affected the verdict." *Id.* (quotation omitted). This is a "heavy burden." *See id.* (quotation omitted). "The court's analysis under the third prong of the plain error test is the equivalent of a harmless error analysis." *State v. Matthews*, 800 N.W.2d 629, 634 (Minn. 2011). "Unlike a harmless error analysis, the defendant generally bears the burden of persuasion with respect to the third plain error factor." *State v. Reed*, 737 N.W.2d 572, 583-84 (Minn. 2007).

We conclude that there is no reasonable likelihood that the district court's error in allowing the child to testify at trial outside of appellant's presence without first holding a hearing and making findings pursuant to Minn. Stat. § 595.02, subd. 4(c) substantially affected the verdict. Appellant argues that "[t]here is a reasonable likelihood that the witness's testimony, if delivered in [appellant's] presence, would have differed in a way that would have critically affected the judge's ultimate credibility assessment and, consequently, the findings of guilt." But the error here was the district court's failure to hold a hearing and make the required statutory findings. Our substantial-rights analysis therefore considers what would have likely happened if no error occurred, i.e., if the district court had required the prosecutor to present evidence in support of the motion and had

made the required statutory findings. We cannot conclude that there is a reasonable probability that, had the district court fulfilled its statutory obligation, it would have directed the child to testify in the presence of appellant. Instead, the record supports a conclusion that the district court's decision would likely be unchanged if it held a hearing and made the required statutory findings, given that the child's therapist was present and ready to provide supporting testimony at the pretrial hearing. We therefore conclude that the plain error did not affect appellant's substantial rights.

In addition, we are unpersuaded that the child's testimony in appellant's presence would have substantially affected the verdict given the strength of the credited evidence at trial. *See Rossberg*, 851 N.W.2d at 618 (concluding that testimony challenged under the Confrontation Clause was not reasonably likely to have substantially affected the verdict in light of other evidence on the same subject and other evidence of guilt). We note, as did the district court, that the child's forensic interview corroborated the child's testimony. During the forensic interview, the child described where, when, and how the child was touched by appellant. The child's mother also corroborated the child's testimony. Specifically, the child's mother testified that she took the child to the doctor for testicle pain, that the child's behavior changed when their family lived with appellant, and that the child told her that appellant had touched the child. The district court also found appellant's testimony that he had never been alone with the child and had never done anything inappropriate with the child not to be credible. We give due regard to the trial court's assessment of the credibility of witnesses. *See Holliday*, 745 N.W.2d at 568 ("[I]t is for the factfinder to evaluate a declarant's credibility.").

On this record, we are therefore convinced that the district court's failure to hold a hearing and make findings pursuant to Minn. Stat. § 595.02, subd. 4(c), did not affect appellant's substantial rights. *See Rossberg*, 851 N.W.2d at 618.

### C. The plain error would not cause the public to seriously question the fairness or integrity of judicial proceedings.

Even if we were to conclude that the plain error affected appellant's substantial rights, we cannot conclude that the circumstances presented would "cause the public to seriously question the fairness and integrity of our judicial system." *Pulczinski*, 972 N.W.2d at 359; *see also State v. Huber*, 877 N.W.2d 519, 528 (Minn. 2016) ("[T]he fourth prong is satisfied only in those circumstances in which a miscarriage of justice would otherwise result." (quotation omitted)).

This is not a case in which reversal is required to prevent a miscarriage of justice. In this case, the child's therapist was present and available to testify in support of the request to allow the child to testify outside of appellant's presence. The only reason the district court did not receive such testimony or make the statutory findings required under Minn. Stat. § 595.02, subd. 4(c), is because appellant's counsel *twice* stipulated to the district court's procedure, agreed to excuse the witness, and expressly acknowledged that appellant's constitutional rights were adequately protected. Based on appellant's stipulation to allow the child to testify outside of appellant's presence at trial and counsel's acknowledgment of adequate protection of appellant's constitutional rights, the district court did not require the state to present evidence regarding the effect of appellant's presence on the child or make the required statutory findings. And the remaining evidence

13

at trial supported the verdict. Because appellant was aware of and stipulated to the manner in which the evidence was received, the procedure used in this case would not cause the public to reasonably question the fairness or integrity of judicial proceedings.

## II. Appellant has not met his burden to establish that his trial counsel was ineffective.

Appellant also seeks reversal of the adjudication of delinquency on the basis that his trial counsel was ineffective. We examine claims of ineffective assistance of counsel under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *State v. Ellis-Strong*, 899 N.W.2d 531, 535 (Minn. App. 2017) (citing *Andersen v. State*, 830 N.W.2d 1, 10 (Minn. 2013)). "Under the *Strickland* test, [appellant] must demonstrate that (1) his counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that the outcome would have been different but for counsel's errors." *Andersen*, 830 N.W.2d at 10. "We need not address both the performance and prejudice prongs if one is dispositive." *Id.*

Appellant argues that his counsel's performance fell below an objective standard of reasonableness based on the collective impact of the following: trial counsel's (1) decision not to object to the state's motion to allow the child to testify outside the presence of the appellant; (2) decision not to object to the presence of the child's mother during the child's testimony; (3) decision not to object to certain "hearsay testimony"; and (4) allegedly "inadequate" trial preparation. Most of the instances of trial counsel's allegedly unreasonable conduct constitute trial strategy. *See Leake v. State*, 737 N.W.2d 531, 542 (Minn. 2007) ("Decisions about objections at trial are matters of trial strategy."); *State v.*

*Tiessen*, 354 N.W.2d 473, 477 (Minn. App. 1984) ("There is no merit to the suggestion of ineffective counsel simply because counsel failed to request sequestration of [the state's] witnesses."), *rev. denied* (Minn. Nov. 7, 1984); *Opsahl v. State*, 677 N.W.2d 414, 421 (Minn. 2004) ("The extent of counsel's investigation is considered a part of trial strategy."). And "[w]e will generally not review an ineffective-assistance-of-counsel claim that is based on trial strategy." *Andersen*, 830 N.W.2d at 10; *Boitnott v. State*, 631 N.W.2d 362, 370 (Minn. 2001) ("[W]e have stated that the level of investigation and whether to object are matters of trial strategy that the court will generally not review."). Thus, appellant has not met his burden to establish that counsel's representation fell below an objective standard of reasonableness.

And even assuming that counsel's decision to stipulate—and not object—to the district court's procedure allowing the child to testify outside of appellant's presence fell below an objective standard of reasonableness, appellant does not argue and has not otherwise met his burden to establish a reasonable probability that the outcome would have been any different based on counsel's performance in this regard.

## DECISION

We hold that a district court plainly errs by allowing a witness to testify at trial outside the presence of a defendant without holding a hearing and making the necessary findings pursuant to Minn. Stat. § 595.02, subd. 4(c), that the defendant's presence "would psychologically traumatize the witness so as to render the witness unavailable to testify." The district court plainly erred by allowing the child to testify at trial outside the presence of appellant without holding a hearing and making the required statutory findings. But we

15

conclude that reversal of the district court's delinquency adjudication is not warranted because the plain error did not affect appellant's substantial rights or reasonably call into question the fairness or integrity of judicial proceedings. Finally, appellant failed to meet his burden to establish ineffective assistance of counsel.

     **Affirmed.**