**STATE of Minnesota, Respondent,**

v.

**Richard BATTIN, Appellant.**

**No. C2–90–2530.**

Court of Appeals of Minnesota.

Sept. 3, 1991.

Review Denied Oct. 23, 1991.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas D. Hayes, Sherburne County Atty. and Thomas C. McNinch, Asst. County Atty., Elk River, for respondent.

John M. Stuart, State Public Defender and Lawrence Hammerling, Deputy State Public Defender, Minneapolis, for appellant.

Considered and decided by RANDALL, P.J., and HUSPENI, and THOREEN, JJ.*

* Retired judge of the district court, acting as judge of the Court of Appeals by appointment

## OPINION

HUSPENI, Judge.

A jury found appellant guilty of first degree arson in violation of Minn.Stat. § 609.561, subd. 1 (1990). Appellant challenges his conviction on the grounds of insufficient evidence and improper jury instruction. We affirm.

## FACTS

At 2:00 a.m. on June 19, 1990, police discovered a fire in a house owned by appellant's brother and sister-in-law. They lived a few blocks away, and were remodeling this house to prepare it for new owners. Construction was near completion; the house had new plumbing and electric service and only needed sheetrock, carpeting and running water. The fire destroyed the main floor and caused extensive smoke damage to the second floor.

Approximately three hours before discovery of the fire, appellant Richard Battin turned himself in to the local police department after having been absent without leave from the Anoka Metro Regional Treatment Center. When he turned himself in, appellant had long hair, wore a black leather jacket and blue jeans, and smelled of alcohol. He said he had been staying at his brother's house.

During the fire investigation, neighbors said they saw a man enter and leave the house several times that evening. Their description of the man at the house matched the description of appellant. A neighbor saw the man leave for the last time around 9:00 p.m. Neighbors later smelled smoke in the area, but made no inquiry.

Appellant's brother suspected that appellant had set the fire because he had threatened to burn down the house before. Appellant had a key to this house and had permission to stay there. He had stayed there for three weeks in May.

Based on this evidence, officers visited appellant at the treatment center and re-

pursuant to Minn. Const. art. VI, § 2.

trieved his clothing from the night before. The jeans and jacket smelled of smoke. In a transcribed interview with officers, signed by appellant as a true and accurate statement, he admitted that he started the fire with the intent to burn down his brother's house and get back at him for problems they had been having. Appellant admitted that on June 18 he went to his brother's house around 5 p.m., started a fire at 8:00 p.m. by lighting paper with his cigarette lighter, and then left the house. After walking around the block, appellant returned to the house and found the fire out. He relit the fire with a paper bag near a pile of wood and left again. When he returned later, he said he found two cords on fire and smoke throughout the house. He blew out the flames and opened an upstairs window to let the smoke out. Thereafter he left the house.

When the fire marshal investigated the scene, he found no evidence of accidental fire. Rather, he concluded the fire was set intentionally by use of a "liquid accelerant" such as gasoline. He found a gasoline can upside down on the floor near the kitchen. Certain areas of the floor carried more severe burn patterns which reflected where the gasoline had been poured and set afire.

The court instructed the jury on the elements of first and second degree arson. The jury found appellant guilty of one count of first degree arson. The court sentenced appellant to an executed term of 78 months, the presumptive guideline sentence.

### ISSUES

1. Did sufficient evidence exist on the record to establish that appellant committed arson in the first degree?

2. Did appellant establish a sufficient case of intoxication to entitle him to a jury instruction on the intoxication defense?

### ANALYSIS

#### I.

Under Minn.Stat. § 609.561, subd. 1 (1990):

Whoever unlawfully by means of fire * * * intentionally destroys or damages any building that is used as a dwelling at the time the act is committed, whether the inhabitant is present therein at the time of the act or not, * * * commits arson in the first degree.

Alternatively, second degree arson results from the intentional damage or destruction by fire of a nondwelling. Minn.Stat. § 609.562 (1990).

Thus, a conviction of first degree arson requires two lines of inquiry. First, was the building a dwelling? Second, was the building "used as a dwelling at the time" of the fire?

Appellant concedes, and properly so, that the house which burned did constitute a dwelling house.

A dwelling house is a building used as a permanent or temporary residence. It is not necessary that any person have actually been in the dwelling at the time of the alleged act.

10A Minnesota Practice, CRIM.JIG, 18.02 (1990). Evidence at trial established that the owners were remodeling this house with the intent of selling it as a dwelling. *See State v. Williams,* 154 Vt. 76, 78, 574 A.2d 1264, 1265 (1990) (vacant building which owners remodeled for future occupancy constituted a "dwelling").

Appellant contends, however, that the evidence was insufficient to establish that the house was "used as a dwelling at the time" of the fire. In reviewing a claim of insufficient evidence, this court must ascertain whether

given the facts in the record and the legitimate inferences that can be drawn from those facts, a jury could reasonably conclude that the defendant was guilty of the offense charged.

*State v. Merrill,* 274 N.W.2d 99, 111 (Minn. 1978). The reviewing court may not retry the facts, but must view the evidence in a light most favorable to the state and must assume that the jury believed the state's witnesses and disbelieved any contrary evidence. *Id.* Furthermore, this court will not disturb the verdict if the jury,

giving due regard to the presumption of innocence and to the state's burden of proving [appellant's] guilt beyond a reasonable doubt, could reasonably have found [appellant] guilty.

*Id.*

Appellant focuses on the fact that the house was still under construction and had no established occupants. However, appellant had a key to the house and had stayed there in May. He also told police that he had been staying at his brother's house while he was absent from the treatment center. In addition, the investigation at the house produced further evidence of inhabitance: a bed, television, stereo and empty beer cans in the second floor bedroom. Most importantly, the jury found as a matter of fact that the house was being used as a dwelling at the time of the fire. The trial court instructed on the elements of both first and second degree arson as follows:

The elements of arson in the first degree are:

 *    *    *    *    *    *

Second, at the time of the alleged act, 431 Plymouth Avenue was a building used as a dwelling. A dwelling is a building used as a permanent or temporary residence. It is not necessary that any persons have actually been in the dwelling at the time of the alleged act.

.  *    *    *    *    *    *

The elements of arson in the second degree are:

 *    *    *    *    *    *

Fourth, the property was a building.

The jury had the power to weigh the credibility of the witnesses and the evidence presented at trial. *State v. Mc-Donald*, 394 N.W.2d 572, 576 (Minn.App. 1986), *pet. for rev. denied* (Minn. Nov. 26, 1986). The jury could have found appellant guilty of second degree arson, thereby indicating that it had decided the building was not being used as a dwelling at the time of the fire. Nevertheless, the jury did find that the building which burned was "being used as a dwelling" at the time of the fire.

The record contains sufficient evidence to support that finding.

Appellant argues further, citing *People v. Foster*, 103 Mich.App. 311, 302 N.W.2d 862, 864 (1984), that even if he were residing in the house, his intention to use the building as a dwelling ended when he set it on fire. We are not persuaded by this argument. Allowing an offender, by his unlawful acts and intentions, to determine the legal nature of a building, and thus the element of an offense, violates traditional notions of justice.

■ Appellant next argues that insufficient circumstantial evidence existed on the record to establish that he caused the fire. Again we disagree. The state often must rely solely on circumstantial evidence to prove arson. *State v. Jacobson*, 326 N.W.2d 663, 665 (Minn.1982). Here, however, the state presented direct as well as circumstantial evidence. Appellant admitted that he set the house afire on two separate occasions that evening. Such admissions constitute direct evidence. *State v. Weber*, 272 Minn. 243, 254, 137 N.W.2d 527, 535 (1965). Once appellant admitted responsibility for the fire, the state had only to prove intent. *State v. Yeager*, 399 N.W.2d 648, 652 (Minn.App.1987).

The record contains sufficient evidence that appellant had the definite intent to burn his brother's house. Appellant had threatened to burn the house before the fire occurred. He made a voluntary statement to the officers describing how he set and reset the fire inside his brother's house. Appellant told the officer of his hostility toward his brother and his intent to burn the house because it would cause more problems than if he had slashed his brother's tires. The state also presented circumstantial evidence which placed appellant in the house as late as 9:00 p.m., established a fire burning as early as 9:30 p.m., and presented testimony that an accelerant such as gasoline had been poured onto the floor which, once ignited, had produced sudden and intense flames.

Appellant argues that, as in *State v. Formo*, 416 N.W.2d 162, 166 (Minn.App. 1987), *pet. for rev. granted* (Minn. Feb. 17,

1988), *appeal dismissed,* 426 N.W.2d 865 (Minn.1988), evidence of his presence in the house and the use of an accelerant is insufficient to establish his guilt. We find *Formo* distinguishable on its facts. In *Formo,* the defendant contended he had not started the fire and expressed no motive for arson. Here, appellant clearly and voluntarily admitted that he twice started the fire. In an equally clear manner, appellant expressed his hostile motive and intention behind his actions. Appellant's admission, coupled with circumstantial evidence, amply supports the jury's finding of guilt. *See Yeager,* 399 N.W.2d at 652 (admission plus circumstantial evidence is sufficient to sustain conviction).

## II.

Finally, appellant alleges the trial court denied him the right to present a defense when it refused to instruct the jury on the intoxication defense.

> A refusal to give a requested jury instruction lies within the discretion of the trial court. No error results from a refusal to instruct where the evidence does not support the proposed instruction and no abuse of discretion is shown.

*State v. Daniels,* 361 N.W.2d 819, 831 (Minn.1985). By definition, arson is a specific intent crime. Minn.Stat. § 609.561. The trial court must give an instruction on intoxication if the crime charged has a specific intent element *and* "if intoxication is offered by the defendant as an explanation of his actions." *State v. Lindahl,* 309 N.W.2d 763, 766 (Minn.1981).

Appellant's claim fails on this second point. At trial, there was no evidence tending to explain that appellant's conduct was caused by his intoxication, nor did appellant argue this theory to the jury. The state presented evidence that appellant smelled of alcohol, that appellant admitted he had been drinking, and that empty beer cans were found in the house after the fire. Although this evidence may have established that appellant had been drinking, no evidence suggested that he was intoxicated on the night of the fire. "The mere fact of a person's drinking does not create a pre-sumption of intoxication." *State v. Lund,* 277 Minn. 90, 92, 151 N.W.2d 769, 771 (1967). Without evidence of intoxication on the record to support his theory of the case, appellant was not entitled to a jury instruction on intoxication. *See State v. Ruud,* 259 N.W.2d 567, 578 (Minn.1977), *cert. denied,* 435 U.S. 996, 98 S.Ct. 1648, 56 L.Ed.2d 85 (1978).

The trial court did not deny appellant's right to present a defense.

## DECISION

Sufficient evidence supports the jury's verdict that appellant committed arson in the first degree. The trial court did not abuse its discretion in denying appellant's request for an intoxication instruction when the record contained no evidence of intoxication as an explanation for appellant's conduct.

Affirmed.